EUGENE HAYDEN & others vs. WALTER T. PEIRCE.

Dukes County.    October 28, 1895. — February 29, 1896.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Deed — Finding of Execution and Delivery — Husband and Wife — Possibility of Estate by Curtesy — Release of such Right — Sufficiency of Acknowledgment — Neglect of Register to make proper Record — Effect on Rights of Parties.*

At the trial of a writ of entry, the demandant claimed title under a deed, which he produced, of her separate estate given by a married woman, whose husband joined with her in releasing "both dower, curtesy, and homestead in the granted premises," signed and sealed by both, and acknowledged by the husband only. An attorney, who drew the deed, witnessed its execution and delivery, and took the acknowledgment thereto as a justice of the peace, testified, in substance, that he did not recollect any of the circumstances attending the drawing of the instrument, but recognized his handwriting, and had no doubt that both parties signed the deed in his presence. *Held*, that the evidence was sufficient to warrant a finding that both husband and wife signed the deed, and that it was delivered to the grantee.

If, in a deed of her separate estate given by a married woman, her husband, whose only right therein is the possibility of an estate by the courtesy, joins with her in releasing "both dower, curtesy, and homestead in the granted premises," whether the release operates by way of grant or estoppel, his right passes by the deed.

The grant or release by a husband, in a deed of her separate estate given by his wife and signed and sealed by both, of his right to an estate by the courtesy contingent upon the birth of a child and the husband surviving his wife, is a sufficient interest in the granted premises to enable him to acknowledge the deed alone.

The neglect of a register of deeds, after a mortgage entitled to be recorded has been left with him for record, to make a note of reference from the record of the certificate of entry by the mortgagee for breach of condition to the record of the mortgage, and *vice versa*, as directed by Pub. Sts. c. 181, § 2, cannot affect the rights of the parties to the mortgage or those claiming under them.

WRIT OF ENTRY, dated December 22, 1894, to recover a parcel of land in Cottage City. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Hopkins*, J., who allowed a bill of exceptions, in substance as follows.

The demandants produced and offered in evidence a promissory note, a mortgage deed of the demanded premises given to secure payment of the note, and a certificate of entry made upon the premises for the purpose of foreclosing the mortgage.

The deed was given by Lydia W. Peirce to Hiram Hayden, and recited in the *in testimonium* clause that " we, the said Lydia W. Peirce and Thomas L. Peirce, my husband, in token of our release of all right and title of or to both dower, courtesy, and homestead in the granted premises, have hereunto set our hands and seals " on April 20, 1888. It was signed and sealed by both, " executed and delivered in presence of John N. Peirce," and acknowledged by Thomas L. Peirce alone before John N. Peirce as a justice of the peace.

It was agreed that the grantee in the mortgage died on January 28, 1892, intestate ; that the demandants are his only heirs at law ; that he made the entry upon the premises as set forth in the certificate ; that the same was duly sworn to and was delivered to the register of deeds for Dukes County for record ; that the register received and entered the same as stated in his certificate ; and that the tenant was in possession of the premises at the date of the writ.

John N. Peirce, an attorney at law, who was called as a witness by the demandants, testified, in substance, that the whole instrument was in his handwriting ; that he did not recollect any of the circumstances attending the drawing of the instrument, but recognized his handwriting ; and that he had no doubt that both parties signed the deed in his presence.

The tenant objected to the admission of the deed in evidence, on the following grounds : " 1. That the signatures to the deed were not proven. 2. That the deed itself bears evidence that the transaction was by the husband, Thomas L. Peirce, and not by Lydia W. Peirce, and that it was not her deed. 3. That delivery was not proven. 4. That the deed was not acknowledged by the grantor, and therefore was not legally recorded, though actually spread upon the records, and was not evidence in the case."

The judge admitted the deed in evidence ; and the defendant excepted.

The tenant called as a witness the register of deeds for the county, who brought with him a book or books containing the record of the deed and the certificate of entry to foreclose, and it appeared on inspection that there was no " note of reference from each record to the other."

The tenant asked the judge to rule that the failure of the register of deeds who recorded the mortgage and certificate (both being recorded in the same registry) to make a note of reference from each record to the other made the record incomplete ; and that the certificate recorded without such note was not sufficient notice of peaceable entry for breach of condition.

The judge refused to rule as requested; and found for the demandants.

The tenant alleged exceptions.

*B. T. Hillman*, for the tenant.

*C. G. M. Dunham*, for the demandants.

FIELD, C. J. This is a writ of entry tried by the court without a jury, on a plea of *nul disseisin*. The tenant was in possession, but whether as a mere intruder or under some claim of title does not appear. The demandants claimed title as heirs at law of Hiram Hayden, the mortgagee in a deed of mortgage given by Lydia W. Peirce, and under an entry by the mortgagee for breach of the condition of the mortgage.

The evidence recited in the exceptions seems to us sufficient to warrant the finding that both husband and wife signed the deed of mortgage, and that it was delivered to the grantee. See *Lowd* v. *Brigham*, 154 Mass. 107.

It does not appear when or how Lydia W. Peirce obtained title to the land in controversy, or when she was married to Thomas L. Peirce, and we do not therefore know whether she held the estate as her separate property, and the husband had in it only the rights of a husband in the separate real property of his wife, or whether he had the rights of a husband at common law in the real property of his wife. It does not appear that there had or had not been any issue of said Thomas and Lydia, born alive, who could have inherited the property, or that there was an estate of homestead in the property. We assume, however, as the parties have assumed at the argument, that this land was at the date of the deed of mortgage the separate property of Lydia W. Peirce, and that the deed executed by her, with the assent of her husband, passed the title to the mortgagee as between the parties. Such a deed at common law of the wife's real estate would probably be void. *Jewett* v. *Davis*, 10 Allen, 68.

On the assumption that this was the wife's separate property, and there had been no issue, the husband held no estate in it during the life of his wife, but he held the right or possibility of having an estate by the courtesy, contingent upon the birth of issue and the death of his wife before his death. By signing and sealing her deed of mortgage in token of his release of this right, he barred himself from all claim to an estate by the courtesy, as against the grantee and his assigns. *Comer* v. *Chamberlain*, 6 Allen, 166. It is said that the deed operates by way of estoppel to bar him from claiming such an estate. *Walsh* v. *Young*, 110 Mass. 396.

The principal question in the case is whether the deed of mortgage was properly acknowledged, if we assume on the evidence recited in the exceptions that it was necessary that the deed should have been recorded, upon which we express no opinion. The deed was dated April 20, 1888, and was acknowledged, not by the wife, but by the husband, who joined in the deed only in token of his release of all right to "dower, courtesy, and homestead in the granted premises." There was no evidence of any right in the granted premises belonging to the husband, except the possibility of an estate by the courtesy. Pub. Sts. c. 120, § 6, provide that "the acknowledgment of a deed shall be by the grantors, or one of them," etc. Pub. Sts. c. 3, § 3, cl. 7, are as follows: "The word 'grantor' may include every person from or by whom a freehold estate or interest passes in or by any deed; and the word 'grantee' may include every person to whom such estate or interest so passes."

In *Palmer* v. *Paine*, 9 Gray, 56, it was held that the acknowledgment by a husband after issue born of a deed made by him jointly with his wife of land held by her to her separate use under St. 1845, c. 208, is sufficient to authorize it to be recorded. That case differs from the present in two particulars; namely, there the husband joined with the wife in the granting part of the deed, and the husband had an inchoate tenancy by the courtesy by reason of the birth of a child. See *Shaw* v. *Poor*, 6 Pick. 86.

*Kirby* v. *Tead*, 13 Met. 149, was a petition to enforce a mechanic's lien, under Rev. Sts. c. 117, and the lien was enforced against the estate of the husband, as tenant by the courtesy

initiate, no child having been born when the contract was made, but one having been born after the petition was filed, in consequence of which the husband's interest had been enlarged to a tenancy by the courtesy initiate.

As joining in the *in testimonium* clause, in token of his release of all right to courtesy, has the same effect as if the husband had joined in the granting clause granting only his right to courtesy, we think that he must be taken to be a grantor of this right. Whether the release operates by way of grant or estoppel seems to us unimportant; the right passes by the deed.

The more difficult question is whether the grant or release by the husband in a deed of his wife of such an interest as the right to an estate by the courtesy contingent upon the birth of a child, and the husband's surviving the wife, is a sufficient interest in the granted premises to enable the husband to acknowledge the deed. An estate by the courtesy is a freehold estate, although when the right of courtesy is in the separate real property of a married woman it is not a vested estate until it becomes consummate. *Silsby* v. *Bullock*, 10 Allen, 94. *Staples* v. *Brown*, 13 Allen, 64.

We think it would be unfortunate when a deed is signed and sealed by the husband and the wife in such manner as to bar his right of courtesy, if the authority of the husband to acknowledge the deed of his wife of her separate property is made dependent upon the form in which the release by the husband is effected, and upon the fact that at the date of the deed there had or had not been issue born alive. The acknowledgment of a deed is not necessary to the validity of it, as against the grantor, his heirs and devisees, and persons having actual notice of it. Our statutes make provision for the proof of the due execution of a deed when it has at least one subscribing witness, and the grantor refuses to acknowledge it, or dies, or departs from the Commonwealth without having acknowledged it; and upon a certificate of such proof the deed may be recorded with the same effect as if it had been acknowledged. Pub. Sts. c. 120, §§ 5–14. The object of recording a deed of land is to give notice of the conveyance to all the world. One, and perhaps the principal, object of requiring an acknowledgment as a preliminary to registration is to afford security that the deeds which

are put upon record are genuine and were intended to be delivered. We are of opinion that under our statutes it must be held that this deed was duly acknowledged, and so was properly put on record.

The last objection is that the register of deeds, in recording the certificate of entry by the mortgagee for breach of condition, pursuant to Pub. Sts. c. 181, § 2, neglected to make a note of reference from the record of the certificate to the record of the mortgage, and *vice versa*. This, we think, is immaterial. This provision of the statutes is directory to the recording officer, and his neglect in this respect, after an instrument entitled to be recorded has been left with him for record, cannot affect the rights of the parties to the instrument, or of those claiming under them. *Mutual Life Ins. Co.* v. *Dake*, 87 N. Y. 257. *Chase* v. *Bennett*, 58 N. H. 428.   *Exceptions overruled.*