HARRY L. AYER & another *vs.* EMILY B. AHLBORN, executrix.

Essex.    November 2, 1898. — September 21, 1899.

Present: HOLMES, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Cloud on Title to Land — Deed — Fraud — Proof of Deed after Death of Grantor and Witness — Finding of Master.*

If the plaintiff in a suit in equity to remove a cloud upon the title to land claims under a deed, made several years after the grantor went into bankruptcy, which conveyed the land in dispute, of which the plaintiff had not been in possession, that being a different lot from the one to which the grantor derived his title, and under a release from the grantor's assignee in bankruptcy made more than two years after the bill was filed, he fails to make out his case, so far as the title set up in the pleadings is concerned.

The certificate of the judge of a district court before which the handwriting of the grantor and of the subscribing witness in a deed are proved as prescribed by Pub. Sts. c. 120, §§ 7, 8, is not conclusive as to the execution of the deed, in the absence of any evidence of fraud, and may be inquired into in a suit in equity to remove a cloud upon the title to the land conveyed.

In this case, which was a suit in equity to remove a cloud upon the title to land, the finding of the master, that the plaintiff's grantor acquired no title to the land by the deed under which he claimed, was warranted by the evidence.

BILL IN EQUITY, filed January 15, 1888, in the Superior Court, to remove a cloud upon the title to land in Lynn. Hearing before *Lilley*, J., who, at the request of the parties, reported the case for the determination of this court. The facts appear in the opinion.

*J. W. Porter*, for the plaintiffs.

*H. P. Moulton*, (*J. F. Hannan* with him,) for the defendant.

LATHROP, J.　This is a bill in equity to remove a cloud upon title.　The first named plaintiff in his bill sets up a title from Charles C. Ayer, the other plaintiff, by deed dated January 26, 1886, and alleges that Charles C. Ayer derived his title from Henry A. Breed, by deed dated January 15, 1868, and recorded October 13, 1887; and that the plaintiff has been and still is in possession of the land as owner, except a portion thereof. The bill then alleges that on January 12, 1880, the assignee in insolvency of Henry A. Breed made a deed purporting to convey said land to James N. Buffum, through whom the defendant claims, and that this deed constitutes a cloud upon his title. The prayer of the bill is for an injunction to restrain the defendant and all persons claiming under her from making any claim to the land, except the portion above mentioned, and that the defendant be ordered to release and convey the land to the first named plaintiff.　The case was sent to a master, who has made a report covering all the questions raised in the case; but we do not find it necessary to consider all of these questions.

The land in dispute is the southwesterly part of a nine-acre lot, numbered six in the fourth range in Rock's Pasture, so called, in Lynn.　The master has found that the plaintiff has not been in possession of the southwesterly lot; and that the deed of Henry A. Breed to Charles C. Ayer, dated January 15, 1868, covered the northeasterly portion of the nine-acre lot, and did not cover the premises in dispute.　This deed did not describe the land by metes and bounds, but referred to other deeds, only one of which contained any description by metes and bounds, and this deed described the northeasterly portion of the nine-acre lot.　So far, then, as the title set up in the pleadings is concerned, the plaintiff has failed to make out his case, as he claims title by a deed from his father, Charles C. Ayer, dated January 26, 1886, and recorded April 10, 1886, which conveyed the land in dispute, and by a release from John W. Porter, the assignee in bankruptcy of Charles C. Ayer, dated and recorded May 29, 1890, more than two years after the bill in equity in this case was filed.　Charles C. Ayer went into bankruptcy in June, 1875, and therefore had no title to the land in 1886, when he assumed to convey it to the first named plaintiff, and so the master has found.

There seems to be some question as to the validity of the deed from John W. Porter as assignee of Charles C. Ayer. The defendant states in her brief that no record of the United States bankruptcy court was introduced showing an appointment of John W. Porter as assignee. The master's report states that it appeared that John W. Porter was appointed assignee; and that the defendant contended that no valid appointment of John W. Porter as assignee had been shown as a foundation for the admission of this deed. We do not consider it necessary, however, to discuss the question whether the objection of the defendant was sufficiently definite to entitle her to proof by record of the appointment of Porter as assignee, for we are of opinion that no valid title is shown in Charles C. Ayer.

In addition to the finding of the master that the deed from Breed to Ayer did not cover the premises in dispute, the fifth finding of the master is as follows: " I find upon the testimony of Charles C. Ayer, and his acts and sworn statements, since January 15, 1868, that he never treated the deed of Breed to him of that date as a valid deed, and that his acts and sworn statements concerning the premises covered by that deed are inconsistent with a title to the same, or a delivery of said deed for the purpose of passing the title to him; and I find that said deed was never delivered to said Ayer by said Breed for the purpose of passing the title, and that said Ayer acquired no title to the premises in dispute by said deed."

We are of opinion that this finding was amply justified by the evidence. The deed from Henry A. Breed to Charles C. Ayer was made at a time when the title to the land conveyed was in Mrs. Breed, and she did not join in the conveyance. The deed was not acknowledged, and it was not until twenty years afterwards, after Breed and his wife were dead, and the subscribing witness, who was a brother-in-law of the grantee, was dead, that the handwriting of the grantor and of the subscribing witness were proved in the manner prescribed by the Pub. Sts. c. 120, §§ 7, 8. While the statute provides that the deed may be proved before any court of record in the Commonwealth, it is to be noticed that instead of proving the deed in a court in Essex County, the deed was proved in the First District Court of Eastern Middlesex. Then the deed was recorded, and afterwards

was lost by John W. Porter. All these circumstances are very suspicious, and tend strongly to show fraud. We think that the master erred in ruling that the certificate of the judge of the District Court was conclusive as to the execution of the deed, in the absence of any evidence of fraud, and could not be inquired into in this suit. The object of the statute is simply to authorize the recording of the deed, but not to prove it as against an adverse party. See note of the commissioners to § 15, c. 59, of the Revised Statutes.

If, however, we leave the question of fraud on one side, an examination of the evidence shows that every act of Charles C. Ayer is inconsistent with his assertion of any title in himself, until shortly before this controversy arose. In 1875, Charles C. Ayer went into bankruptcy, and filed and made oath to a schedule of assets in which he stated that he had " no property in land." After the date of the deed of Breed to Ayer, namely, January 15, 1868, both Breed and Ayer continued to treat the real estate described in the deed as the property of Mrs. Breed. It was admitted that after January 15, 1868, several deeds were drawn by Charles C. Ayer, which were executed by Henry A. Breed and Mary H. Breed, his wife, in her own right, conveying parcels of land described in the deed of Breed to Ayer of January 15, 1868. These deeds were also acknowledged before Ayer as a justice of the peace. The Breeds received all the consideration for these deeds. There was much other evidence of a similar nature. We are of opinion, therefore, that the fifth finding of the master was fully warranted by the evidence, and that this disposes of the case.

*Bill dismissed.*