ELIZABETH W. FITCH, executrix, *vs.* ARTHUR S. FITCH.

Middlesex.   March 25, 1924. — June 13, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & WAIT, JJ.

*Undue Influence.   Will, Validity.*

At the trial of an issue, framed on a petition for the proof of an alleged will, whether the will was procured to be executed through fraud or undue influence of the testator's widow, his daughter, "either or both of them," it appeared that the testator was of sound mind, and there was evidence that by the alleged will the testator's son, out of an estate of over $300,000, would receive, at most, the income on $5,000 for life; and that the daughter would receive, at the least, $5,000, while she might get everything except the income of the $5,000 during the lifetime of her brother; that the mind of the testator was weak; that the wife had business capacity and cupidity and that the wife and daughter were prejudiced against the wife of the son; that the wife and daughter had opportunity to overpower the testator's weaker will; and that the son lacked self-assertion and the simplest business selfishness. There also was evidence of statements by the alleged testator showing regard for the son and his intentions to make other and more favorable testamentary disposition for him than that shown by the will. *Held,* that a finding of undue influence on the part of the wife and daughter or either or both of them was warranted.

PETITION, filed in the Probate Court for the county of Middlesex on June 14, 1921, for proof of the will of Benjamin Fitch late of Lexington.

The petition was opposed by Arthur S. Fitch, son of the alleged testator. On motion by the respondent, two issues were framed for trial by jury as follows:

" 2. Was the testator at the time of the execution of said instrument of sound mind?

" 3. Was said instrument procured to be executed through the fraud or undue influence of Elizabeth W. Fitch, widow, of said Lexington, Mary Alice Fitch, daughter, of said Lexington, either or both of them? "

The issues were tried before *Flynn*, J. Material evidence is described in the opinion. At the close of the evidence, the petitioner moved that findings be ordered in her favor on the issues. The motion was denied. The jury answered both issues in the affirmative. After the return of the answers of the jury to the questions submitted to them and before the recording thereof, the trial judge " reserved leave, with the assent of the jury, to enter different answers to the questions submitted, if, upon the exceptions taken on the questions of law reserved, this court or the Supreme Judicial Court should decide that different answers should have been entered or returned by the jury to the questions submitted to them."

The petitioner alleged exceptions.

*W. Flaherty*, (*D. C. Linscott* with him,) for the petitioner.

*L. A. Mayberry*, (*J. P. Feeney* with him,) for the respondent.

WAIT, J. This case is before us upon exceptions taken at the trial of issues of fact sent by the Probate Court to the Superior Court for determination by a jury.

The excepting party has waived the question of evidence.

The motion to direct a verdict for the proponent on the issue of undue influence presented for the consideration of the presiding judge, the question, whether from such facts as the jurors believed in the testimony of the witnesses, and such as they might infer, legitimately, from facts so established there was enough to justify a conclusion that undue influence had been exerted by either or both the wife and the daughter of the testator.

It is not necessary to discuss the entire evidence. There was evidence of a will seemingly inequitable in its differing provisions for a son and a daughter. The son, out of an estate of over $300,000, would receive, at the most, the

income on $5,000 for life; the daughter would receive, at the least, $5,000, while she might get everything except the income on the $5,000 during the lifetime of her brother. There was evidence of weakness of mind of the testator; of business capacity and cupidity on the part of the wife; of prejudice by the wife and daughter against the wife of the son; of opportunity in the wife and daughter to over-power the testator's weaker will; of lack of self-assertion and the simplest business selfishness on the part of the son; of statements by the father of regard for the son, and of intentions to make other and more favorable testamentary dispositions.

It is true that the testator was of sound mind; that the evidence of undue influence was weak; that undue influence is not made out by proof of effort by husband or wife to persuade the other to action desired by the person seeking to exert the influence; that a reasonable man might lack faith in the business capacity of the son; and that the argument for the contestant addressed to us in the brief suggests very strongly that the argument made to the jury was specious and unsound.

A different verdict might have been found with propriety. Nevertheless, the inferences of fact on which the issue depended were for the jurors, not for the judge, to decide; and there was evidence which would warrant the conclusion reached.

*Exceptions overruled.*