EVA MAY ERICKSON *vs.* WILLIAM A. WHITE & others.

Norfolk.   November 14, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Deed*, Validity.   *Husband and Wife.*

Under G. L. (Ter. Ed.) c. 209, § 3, a deed given by a wife to her husband and not recorded until after the grantor's death was of no effect at any time.

The provisions of G. L. (Ter. Ed.) c. 183, § 4, to the effect that a conveyance, even before being recorded in the registry of deeds, shall be valid against the grantor, his heirs and devisees and persons having actual notice of it, were inapplicable to the wife's deed above described.

PETITION for partition, filed in the Probate Court for the county of Norfolk on November 21, 1933.

The petition was heard by *McCoole*, J., by whose order a decree in favor of the petitioner was entered.  The respondent William A. White appealed.  Material facts are stated in the opinion.

*E. F. Leonard*, for the respondent William A. White.

*G. W. Grover*, for the petitioner.

RUGG, C.J.  This is a petition for partition brought by an heir at law of Mary E. White, who deceased intestate on May 8, 1931, and who was the wife of William A. White, the appellant.  All the heirs at law of the decedent are made parties.  William A. White, the admitted owner of a one-third undivided interest in the real estate, claims the entire title by virtue of an instrument purporting to be a deed from his wife to him executed by her on January 29, 1930, but not recorded until December 7, 1933, which was about thirty-one months after her death.

The single question of law to be decided is whether the alleged deed constitutes a valid conveyance to William A. White under G. L. (Ter. Ed.) c. 209, § 3.  The words of that section are these: "Gifts of personal property, and

conveyances of real estate other than mortgages, between husband and wife, shall be valid to the same extent as if they were sole, except that no such conveyance of real estate shall have any effect, either in passing title or otherwise, until the deed describing the property to be transferred is duly acknowledged and recorded in the registry of deeds for the district where the land lies." Confessedly the deed in question was not recorded in the registry of deeds for the district where the land lies until long after the death of the grantor. This section is a modification of the common law. Prior to its enactment one spouse could make no conveyance of real estate directly to the other. *Ames* v. *Chandler*, 265 Mass. 428, 430. At common law also a deed by a married woman in which her husband did not join was void. *Leggate* v. *Clark*, 111 Mass. 308. This section is complete in itself covering a new subject and conferring rights and privileges not theretofore existing. To such a deed as is here described the provisions of G. L. (Ter. Ed.) c. 183, § 4, are inapplicable, to the effect that a conveyance even before being recorded in the registry of deeds shall be valid against the grantor, his heirs and devisees and persons having actual notice of it. The validity of a deed such as is described in G. L. (Ter. Ed.) c. 209, § 3, depends entirely upon the terms of that section. The deed in question was not recorded in the registry of deeds until long after the grantor named therein had died and was incapable of executing or delivering a deed. To hold this deed operative would be directly contrary to statutory words that no such conveyance shall have any effect "either in passing title or otherwise" until recorded. To give it the effect contended for by William A. White would render the deed operative retroactively to a time prior to the death of the grantor. That is not permissible under the terms of the governing statute. When Mary E. White died the deed had not been recorded; it was then of no effect. The statute as to descent of intestate property, therefore, took effect and the descent of her real estate was cast upon her heirs at law. The deed was at that time wholly inoperative. It cannot be given effect now to divest

the title already vested in her heirs at law. It would be giving the instrument purporting to be a deed the effect of a will. A void instrument cannot be thus resurrected. *Melley* v. *Casey*, 99 Mass. 241.

*Decree affirmed.*