DUNCAN McOUATT & others *vs.* ELLEN A. McOUATT.

Berkshire.     September 17, 1946. — November 12, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Undue Influence. Husband and Wife. Evidence,* Presumptions and bur-
    den of proof.    *Deed,* Acknowledgment, Validity, Conveyance be-
    tween spouses.

In a suit in equity to set aside a deed on the ground that it was obtained
    by undue influence exerted by the defendant, the grantee, it was
    error to rule that the burden was on the defendant to prove that he
    did not exert undue influence.
A conclusion that there was no undue influence by a second wife inducing
    her husband to execute a deed of all his property to her a few hours
    before his death while he was a patient at a hospital was proper on
    findings showing that the deed was prepared by an attorney and exe-
    cuted by the husband as a result of a request for it by the wife, and
    that the husband stated at the time of execution that he knew what
    he was doing and had intended to do it for some time.
Discussion by RONAN, J., of acknowledgment of deeds of real estate.
A deed of real estate was not duly acknowledged by the grantor where,
    after signing it in the presence of a notary public, the grantor did not
    say anything indicating that he acknowledged it to be his free act
    and deed, although a certificate by the notary stating that it was
    acknowledged was attached to it.
Under G. L. (Ter. Ed.) c. 209, § 3, a deed of real estate from a husband
    to his wife, although signed by him, bearing a certificate of acknowl-
    edgment before a notary public, and recorded before his death, was
    of no effect where it appeared that in fact he never made an acknowl-
    edgment of it.

BILL IN EQUITY, filed in the Superior Court on January 11,
1944, with a writ of summons and attachment dated Decem-
ber 17, 1943.

The suit was heard by *Hammond,* J., on a master's report.

It appeared that the deed in question in the case was
dated and signed by the grantor on November 12, 1943,
that it bore a certificate of acknowledgment in due form by
a notary public of the same date, and that it was recorded
before the grantor's death on that date.

*R. T. Capeless,* (*L. S. Cain, A. W. Chesney & R. A. Lewis* with him,) for the plaintiffs.

*M. B. Warner,* (*F. J. Quirico* with him,) for the defendant.

RONAN, J. This is a bill in equity brought by the three children of one McOuatt to set aside a transfer of real estate made by him to the defendant, his wife and the stepmother of the plaintiffs, on the ground that he was of unsound mind and that the transfer was procured by the undue influence of the defendant. The plaintiffs appealed from an interlocutory decree confirming the report of the master after a paragraph therein had been struck out, denying the plaintiffs' motion for a final decree in their favor, and allowing the defendant's motion to confirm the master's report as modified. They also have appealed from a final decree dismissing the bill.

It is not now contended that the master was wrong in finding that the plaintiffs had not sustained the burden of proving that McOuatt was of unsound mind when he executed the deed, and we need not consider that question.

All the subsidiary findings of the master upon the issue of undue influence and upon which he based his ultimate conclusion are set forth in his report. It is our duty to draw our own inferences from those findings. *Saltman* v. *Smith,* 313 Mass. 135. *Murray* v. *Bateman,* 315 Mass. 113. The ruling of the master that the burden was upon the defendant to prove that she did not exert undue influence upon her husband was wrong, and there was no error in striking out this portion of the report. *Cereghino* v. *Giannone,* 247 Mass. 319. *Briggs* v. *Weston,* 294 Mass. 452. *Mirick* v. *Phelps,* 297 Mass. 250. We summarize briefly the findings of the master. Before her marriage to McOuatt in 1934, the defendant requested him to put the property in both of their names after the marriage, and this matter was discussed between them on four or five occasions up to 1940, but he replied that he would do so as soon as they could go and consult a lawyer. While at a hospital, which he entered in August, 1943, he frequently expressed a desire to consult a lawyer with reference to his property, but he was unable to do so on account of his physical condition. The defendant,

as a result of a conversation she had with her husband on the morning of November 12, 1943, spoke to a nurse at the hospital who called in an attorney. The attorney conferred with the defendant, and had the chief physician at the hospital interview McOuatt to determine the latter's capacity to transact business. McOuatt told the physician that he knew what he was about to do, that he was to sign papers to protect his wife, and that he had been intending to do this for some time. The defendant obtained a deed which the attorney had prepared and brought it to the hospital. She told her husband what it was, and in her presence a hospital clerk, who was a notary public, asked him if he knew what he was about to sign. He said that he did and that he was turning over his property to his wife. He executed the deed by making an X with the assistance of the notary public. At some time thereafter he requested the defendant to have the deed recorded, which she did. He died some eight hours after he executed the deed.

A wife has the right to discuss with her husband the advisability of giving her an interest in his property, and to request and, if necessary, to persuade him to make some provision for her benefit. The findings here go no farther than to show the making of such a request by her and fall far short of proving that the husband was induced by any undue influence of his wife, even if the transfer omitted any provision for his children, one of whom he was fond of, and even though it comprised all his property, which appears to be worth only a few thousand dollars. *Maynard* v. *Tyler*, 168 Mass. 107. *Aldrich* v. *Aldrich*, 215 Mass. 164. *Fitch* v. *Fitch*, 249 Mass. 550. *Hogan* v. *Whittemore*, 278 Mass. 573.

During the hearings before the master, evidence bearing on the issue of undue influence was properly introduced to show the circumstances attending the execution of the deed. This evidence now gives rise to the question whether this deed was duly acknowledged. In addition to the findings already recited on the issue of undue influence and which now must be considered with reference to the acknowledgment of the deed, the master found that, after the deed was

executed, the notary public "notarized" the deed, that nothing was said at this time, and that McOuatt "did not employ any language to indicate that he acknowledged the instrument as his free act and deed."

Title to real estate may be transferred by a deed which has not been acknowledged or which contains a certificate showing a defective acknowledgment, and the deed is good against the grantor and his heirs and those having actual notice, G. L. (Ter. Ed.) c. 183, § 4, as appearing in St. 1941, c. 85, *Dole* v. *Thurlow*, 12 Met. 157, *Palmer* v. *Paine*, 9 Gray, 56, *Hayden* v. *Peirce*, 165 Mass. 359, *Cooper* v. *Monroe*, 237 Mass. 192; but the grantor must acknowledge that he has executed the instrument as his free act and deed, and a certificate reciting that the grantor appeared before the officer making the certificate and made such acknowledgment must be attached to the instrument in order to entitle it to be recorded, G. L. (Ter. Ed.) c. 183, § 29; *Pidge* v. *Tyler*, 4 Mass. 541; *Shaw* v. *Poor*, 6 Pick. 86; *Old Colony Trust Co.* v. *Medfield & Medway Street Railway*, 215 Mass. 156, so that notice of the conveyance shall be given to all the world. *Toupin* v. *Peabody*, 162 Mass. 473. *Hayden* v. *Peirce*, 165 Mass. 359, 363. *Lamson & Co. (Inc.)* v. *Abrams*, 305 Mass. 238. The certificate of acknowledgment furnishes formal proof of the authenticity of the execution of the instrument when presented for recording. The certificate of acknowledgment is of evidentiary character, and the taking of the acknowledgment has always been regarded in this Commonwealth as a ministerial and not as a judicial act and the recitals contained in the certificate may be contradicted, *Learned* v. *Riley*, 14 Allen, 109, 113, *McDonald* v. *Willis*, 143 Mass. 452, *O'Neil* v. *Webster*, 150 Mass. 572, 573; and so may the certificate of a judge before whom is proved the execution of the deed where the grantor dies without acknowledging the instrument and where the certificate from the judge is obtained in order to have the instrument recorded. G. L. (Ter. Ed.) c. 183, § 34. *Ayer* v. *Ahlborn*, 174 Mass. 292. *New England Bond & Mortgage Co.* v. *Brock*, 270 Mass. 107, 111.

It follows that ordinarily an acknowledgment is not an

essential part of a deed; but if it is desired to record the deed in order to charge the world with notice of the conveyance, then it is necessary that the deed be acknowledged and that a certificate reciting this fact be attached to the deed. Doubtless, that is the principal function of a certificate of acknowledgment. *O'Neil* v. *Webster*, 150 Mass. 572. *New England Bond & Mortgage Co.* v. *Brock*, 270 Mass. 107, 110.

But the usual relationship existing between an acknowledgment and an instrument of conveyance of real estate may be changed by the Legislature. An acknowledgment may be made an essential part of a deed transferring interests in community property, or in a homestead estate, or in transfers between husband and wife, and in other instances; and unless there is a compliance with the provisions of the statute regulating such transfers, the conveyance is void. *Joiner* v. *Firemen's Ins. Co.* 6 Fed. Sup. 103. *Hutchinson* v. *Stone*, 79 Fla. 157. *McKinney* v. *Merritt*, 35 Idaho, 600. *Wise* v. *Raynor*, 200 N. C. 567. *Potter* v. *Steer*, 95 N. J. Eq. 102. *Koperski* v. *Wira*, 97 N. J. Eq. 88, *Chamberlain* v. *Spargur*, 86 N. Y. 603. *Nellis* v. *Munson*, 108 N. Y. 453. *Jefferson County Bank* v. *Hale*, 152 Tenn. 648. *Hanley* v. *Richards*, 116 W. Va. 127.

General Laws (Ter. Ed.) c. 209, § 3, provides that "conveyances of real estate other than mortgages, between husband and wife, shall be valid to the same extent as if they were sole, except that no such conveyance of real estate shall have any effect, either in passing title or otherwise, until the deed describing the property to be transferred is duly acknowledged and recorded" in the proper registry of deeds. In the absence of such a statute, one spouse could not make a conveyance of real estate directly to the other. See *Thatcher* v. *Omans*, 3 Pick. 521. The acknowledgment of a deed making such a conveyance is as necessary to the validity of the deed as the signing and recording of it. It was said in *Erickson* v. *White*, 288 Mass. 451, 452, that "This section is complete in itself covering a new subject and conferring rights and privileges not theretofore existing. . . . The validity of a deed such as is described in

G. L. (Ter. Ed.) c. 209, § 3, depends entirely upon the terms of that section."

This brings us to the question whether the findings of the master are sufficient to show that the deed was "duly acknowledged," as the judge impliedly found it was.

An acknowledgment is the formal statement of the grantor to the official authorized to take the acknowledgment that the execution of the instrument was his free act and deed. No particular words are necessary as long as they amount to an admission that he has voluntarily and freely executed the instrument. *Kelly* v. *Calhoun*, 95 U. S. 710. *Qualls* v. *Qualls*, 196 Ala. 524. *Jemison* v. *Howell*, 230 Ala. 423. *Jackson* v. *Hudspeth*, 208 Ark. 55. *Commercial Credit Corp.* v. *Carlson*, 114 Conn. 514. *Riddle* v. *Keller*, 16 Dick. (N. J.) 513. *Linderman* v. *Hastings Card & Paper Co.* 38 App. Div. (N. Y.) 488. *Acklin* v. *First National Bank*, 64 N. D. 577. *Herron* v. *Harbour*, 75 Okla. 127. In the instant case, there is no finding that McOuatt, after he signed the deed, ever said a word to the one who made out the certificate of acknowledgment. On the other hand, there is an express finding that he did not say anything indicating that he acknowledged the instrument as his free act and deed. The master has set forth all the subsidiary findings relative to this matter of acknowledgment. We are unable to discover anything in his report that would justify a conclusion that McOuatt acknowledged the instrument of conveyance to be his free act and deed. The only conclusion that can be reached from the report is that the deed was not duly acknowledged as required by the statute. G. L. (Ter. Ed.) c. 209, § 3. No effect can be given to it. *Erickson* v. *White*, 288 Mass. 451.

The relief now sought on the ground that the deed was not acknowledged goes beyond the allegations of the bill and relief cannot be granted, even though the question appears to have been fully heard before the master, without an amendment to the bill. *Donohue* v. *White*, 247 Mass. 479, 482. *New England Co.* v. *Pritchard*, 300 Mass. 362. *Drury* v. *Hartigan*, 312 Mass. 175.

There was no error in the interlocutory decree as the

pleadings then stood, and this decree is affirmed. If within thirty days of the date of rescript a suitable amendment to the bill is allowed by the Superior Court, the final decree is reversed and a new decree is to be entered setting the deed aside with costs; otherwise the final decree entered in the Superior Court must be affirmed with costs.

*So ordered.*