# United States Court of Appeals
## For the First Circuit

No. 16-1150

IN RE ANDREW A. DEMORE; MAUREEN A. DEMORE,

Debtors,

_____

HSBC BANK USA, N.A.,

Plaintiff, Appellee,

v.

DONALD LASSMAN, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATES OF
ANDREW A. DEMORE AND MAUREEN A. DEMORE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Torruella, Lipez, and Barron,
Circuit Judges.

Mark G. DeGiacomo, with whom Taruna Garg and Murtha Cullina LLP was on brief, for appellant.
Jason A. Manekas, with whom Bernkopf Goodman LLP was on brief, for appellee.

December 13, 2016

**BARRON**, **Circuit Judge**.  This case concerns an appeal from a consolidated adversary action in bankruptcy.  The action was brought by Donald Lassman, the appellant, who is the trustee for the estates of two bankruptcy petitioners, Andrew and Maureen DeMore.  In bringing the adversary action that this appeal concerns, Lassman sought, pursuant to 11 U.S.C. § 544(a)(3), to "avoid" a mortgage on a parcel of land in Massachusetts that the DeMores had purportedly granted to the predecessor in interest to HSBC Bank, USA, N.A. ("HSBC"), which is the appellee.

Below, the Bankruptcy Court granted summary judgment to Lassman.  The Bankruptcy Court did so on the ground that what is known under Massachusetts law as the certificate of acknowledgement for the mortgage at issue is "materially defective" because the certificate failed to make clear that the DeMores, as grantors of that mortgage, executed that mortgage as their free act and deed.  But, when HSBC appealed that ruling to the District Court, the District Court reversed on the ground that the certificate of acknowledgement is not materially defective because it did make clear that the DeMores had executed the mortgage as their free act and deed.  Because we agree with the District Court, we affirm its order reversing summary judgment for Lassman.

## I.

The underlying dispute concerns a mortgage purportedly granted by the DeMores to HSBC Mortgage Corporation ("HSBC Mortgage"), the predecessor in interest to HSBC, on a parcel of property that is owned by the DeMores. We start by recounting the uncontested facts that are critical to the resolution of this dispute.

### A.

In 1994, the DeMores acquired a parcel of land in North Attleboro, Massachusetts. This property is what is known in Massachusetts as "registered land," which is a type of land for which the Massachusetts Land Court maintains a certificate of title, and to which chapter 185 of the Massachusetts General Laws applies.

In April 2004, the DeMores each executed a power of attorney to John G. Molloy. Those powers of attorney authorized Molloy to grant a mortgage on the property to HSBC Mortgage.

Later that month, Molloy granted a promissory note and mortgage on that property to HSBC Mortgage on behalf of the DeMores. Several days later, the note and the mortgage were registered on the certificate of title for the property in the Northern Bristol County Registry of Deeds of the Massachusetts Land Court.

Appended to the mortgage document was a certificate of acknowledgment. A certificate of acknowledgment is a notarized document that is signed by an officer entitled to take acknowledgments (often a notary public) and that attests that "the grantor appeared before the officer making the certificate and made such acknowledgment." Bank of Am., N.A. v. Casey, 52 N.E.3d 1030, 1035 (Mass. 2016) (quoting McOuatt v. McOuatt, 69 N.E.2d 806, 809 (Mass. 1946)). The certificate of acknowledgment in this case reads as follows:

> On this 27th day of April, 2004, before me, the undersigned notary public[,] personally appeared Andrew DeMore and Maureen DeMore by their attorney-in-fact, John G. Molloy[,] under Power of Attorney recorded herewith proved to me through satisfactory evidence of identification, which were drivers licenses to be the person whose name is signed on the proceeding attached document, and acknowledged to me that he/she signed it voluntarily and for its stated purpose.
>
> /s/ Melissa L. Henderson
> Melissa L. Henderson, Notary Public
> My Commission Expires 8/27/10[1]

The requirement to record a mortgage with a certificate of acknowledgment comes from chapter 183, section 29 of the Massachusetts General Laws. That section states, in relevant part, that "[n]o deed shall be recorded unless a certificate of its

---

[1] The underlined portions of the acknowledgment indicate handwritten insertions into an otherwise typed form.

- 4 -

acknowledgment . . . is endorsed upon or annexed to it . . . ." Mass. Gen. Laws ch. 183, § 29. It is clear that, for the purposes of section 29, a mortgage constitutes a deed. See Casey, 52 N.E.3d at 1035.

The Supreme Judicial Court of Massachusetts ("SJC") has stated that "[a]n acknowledgment is the formal statement of the grantor to the official authorized to take the acknowledgment that the execution of the instrument was his free act and deed." McOuatt, 69 N.E.2d at 810. The SJC has also stated that "[n]o particular words are necessary as long as they amount to an admission that [the grantor] has voluntarily and freely executed the instrument." Id. (citations omitted). Massachusetts, however, permits a person acting under power of attorney to execute and acknowledge a mortgage for another. See Mass. Gen. Laws ch. 183, § 30 ("The acknowledgment of a deed or other written instrument required to be acknowledged shall be by one or more of the grantors or by the attorney executing it."); Malaguti v. Rosen, 160 N.E. 532, 560-62 (Mass. 1928) (finding that a specific power of attorney extended the authority to borrow money and execute notes to mortgage property); Davidson v. Reznikow, 2005 WL 774047, at *5 (Mass. Land Ct. April 6, 2005) (finding that a power of attorney "regularly" provides authority to convey registered land). And thus the question that gives rise to this appeal: what must a certificate of acknowledgement for a mortgage state when a

- 5 -

person acting by power of attorney appears to acknowledge the mortgage?

**B.**

The appeal itself comes to us by way of bankruptcy court. In 2013, each of the DeMores filed separate voluntary petitions for bankruptcy under Chapter 7 of the Bankruptcy Code. The schedule for each of the petitions listed the property and the mortgage in question. A single bankruptcy trustee, Donald Lassman, was appointed for both of the DeMores' bankruptcy cases.

Lassman, as trustee, then filed adversary actions against HSBC, which had received an assignment of the mortgage from HSBC Mortgage, to avoid the mortgage. In avoiding a lien, such as a mortgage, a trustee "invalidate[s] unperfected security interests," pursuant to 11 U.S.C. § 544(a)(3), and, "put[s] the estate in the shoes of the creditor whose lien is avoided," pursuant to 11 U.S.C. § 551. In re Traverse, 753 F.3d 19, 26 (1st Cir. 2014) (internal quotation marks, brackets, and citation omitted). The adversary actions Lassman filed against HSBC on behalf of each of the DeMores' bankruptcy estates were then consolidated.

In pressing the consolidated adversary action, Lassman explained that the Bankruptcy Code authorizes a bankruptcy trustee to avoid a transfer of property by the debtor, such as a mortgage, where such a transfer is voidable under state law by a bona fide

purchaser.  See 11 U.S.C. § 544(a)(3).  Lassman then contended that, under section 29 of chapter 183 of the Massachusetts General Laws, the mortgage on the DeMores' property is required to be recorded along with a valid certificate of acknowledgement.  And, finally, Lassman contended that the mortgage here is voidable under state law by a bona fide purchaser because the certificate of acknowledgement is "materially defective" under section 29.

To support this last contention, Lassman argued that the certificate of acknowledgment does not clearly state that the execution of the mortgage was the free act and deed of the DeMores.  Lassman argued that this ambiguity arises because it is unclear from the certificate of acknowledgement whether the DeMores, Molloy, or some combination thereof were present to acknowledge the mortgage.  According to Lassman, if only Molloy appeared before the notary to acknowledge the mortgage, then the certificate of acknowledgement by its terms makes clear only that Molloy had signed -- and thus executed -- the mortgage to HSBC Mortgage as his free act and deed pursuant to the powers of attorney that the DeMores had granted to him.[2]  For that reason, Lassman argued, the certificate of acknowledgement is materially defective under

---

[2] The certificate of acknowledgment in this case states that the one who appeared to acknowledge the mortgage "signed it voluntarily and for its stated purpose."  Quite sensibly, Lassman does not argue that there is any material significance to the use of the word "voluntarily" rather than the use of the words "free act and deed."

section 29 because it fails to do what McOuatt requires an acknowledgement to do: make clear that the instrument being acknowledged (here, the mortgage from the DeMores to HSBC Mortgage) had been executed as the "free act and deed" of that instrument's grantors (here, the DeMores). See 69 N.E.2d at 810.

HSBC filed a motion to dismiss the consolidated adversary action. The motion contended that, if section 29's requirement applies to the mortgage at issue here, the certificate of acknowledgement complies with section 29 because the certificate does make clear that the execution of the mortgage was the free act and deed of the DeMores. In addition, HSBC contended that section 29's requirement does not apply to the mortgage at issue here because section 29 appears in chapter 183, which governs recorded land, while the underlying parcel that is subject to the mortgage at issue is registered land, which is governed by chapter 185.[3]

HSBC further contended that, even if the certificate of acknowledgment does not comply with section 29, the certificate and other documents still provide constructive notice of the mortgage to a bona fide purchaser, and that state law requires no more than constructive notice in order to preclude a bona fide

_____

[3] For a useful discussion of the land registration system, which governs registered land, and the land recording system, which governs recorded land, and the differences between the two systems, see In re Bailey, 468 B.R. 464, 477 n.19 (Bankr. D. Mass. 2012).

purchaser from voiding the mortgage. In connection with this contention, HSBC also filed a motion for the Bankruptcy Court to certify to the SJC the question of whether a "mortgage encumbering registered land, whose certificate of acknowledgment is alleged to be potentially ambiguous regarding whether the execution of the mortgage was the voluntary act of the mortgagors, but which . . . is noted on the certificate of title of such registered land, provides constructive notice."

After HSBC converted its motion to dismiss into a motion for summary judgment, the Bankruptcy Court denied both HSBC's motion to certify the question to the SJC and its motion for summary judgment. In doing so, the Bankruptcy Court ordered HSBC to show cause why the Bankruptcy Court should not grant summary judgment to Lassman, the trustee. After receiving briefing in response to that order, the Bankruptcy Court granted summary judgment to Lassman. The Bankruptcy Court did so because it found that a certificate of acknowledgment is required for this mortgage under section 29, notwithstanding the parcel's status as registered land; that the certificate of acknowledgement at issue does not make clear who appeared before the notary; that this ambiguity renders the certificate of acknowledgement "materially defective" by making it unclear whether there was an acknowledgment that the execution of the mortgage was the free act and deed of the DeMores; and that, while constructive notice of the mortgage

is all that is required under state law to prevent a bona fide purchaser from voiding a mortgage, the defective certificate of acknowledgement and other documents do not suffice to provide constructive notice of the mortgage to a bona fide purchaser. In re DeMore, 530 B.R. 519, 532-37 (Bankr. D. Mass. 2015).

HSBC appealed the Bankruptcy Court's order to the District Court. The District Court reversed the Bankruptcy Court's grant of summary judgment to Lassman on the ground that the certificate of acknowledgment is not materially defective. Lassman now appeals that order.

**II.**

In an appeal from a district court's review of a decision by a bankruptcy court, our review "assess[es] the bankruptcy court's decision directly." In re Sheedy, 801 F.3d 12, 18 (1st Cir. 2015) (internal quotation marks and citation omitted). We review a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Id. Because we conclude that the certificate of acknowledgement in this case complies with section 29 of chapter 183, we need not address either the threshold question of whether section 29 applies to the parcel at issue, despite its being registered rather than recorded land,[4] or the

---

[4] In response to HSBC's argument that section 29 of chapter 183 does not apply to this mortgage because the mortgage concerns a parcel of registered land, which is governed by section 185,

back-end questions of whether a bona fide purchaser would have had constructive notice of the mortgage and whether such notice would be sufficient to preclude a bona fide purchaser from voiding the mortgage.

In reaching this conclusion, we do not take issue with the finding below that the certificate of acknowledgement that is in dispute fails to show that the DeMores appeared before the notary to acknowledge the mortgage and thus may show no more than that Molloy alone appeared on their behalf. We simply conclude that, even assuming that the certificate of acknowledgment must be read to state that only Molloy appeared before the notary, the certificate of acknowledgement still does all that it needed to do.

If the certificate of acknowledgment is read to state that Molloy appeared without both DeMores, then it expressly states that Molloy appeared as the "attorney-in-fact" for the DeMores "under Power of Attorney recorded herewith." And, in the referenced "Power of Attorney recorded herewith," the DeMores

---

Lassman points to chapter 185, section 58. Lassman contends that this section of chapter 185 incorporates the requirements of section 29 of chapter 183 for recording a mortgage on recorded land into the requirements for registering a mortgage on registered land. Section 58 of chapter 185 provides that "[e]very . . . attachment . . . affecting registered land, which would under other provisions of law, if recorded . . . affect the land to which it relates, shall, if registered . . . be notice to all persons from time of such registering." Mass Gen. Laws ch. 185, § 58.

specifically authorized Molloy to "do all things necessary to obtain a mortgage loan from . . . HSBC . . . including without limitation the right to execute, acknowledge and deliver any and all documents." Further, the certificates of acknowledgment accompanying those power of attorney forms state that the DeMores each signed the power of attorney forms "voluntarily for [their] stated purpose."

Thus, the certificate of acknowledgement for the mortgage does just what it needs to do: state that Molloy is acknowledging to the notary that he executed the mortgage not only as his own free act and deed but as the "free act and deed" of the DeMores. McOuatt, 69 N.E.2d at 809. As the District Court stated, "[u]nder the terms of the power of attorney[,] . . . Molloy's 'free act and deed,' with respect to executing the mortgage, was the free act and deed of the DeMores." HSBC Bank USA, N.A. v. Lassman, 550 B.R. 157, 162 (D. Mass. 2016); cf. Sowden & Co. v. Craig, 26 Iowa 156, 163 (1868) ("It was the agent who executed the instrument, and, assuming his authority . . . if it was his (the agent's) voluntary act and deed, as he acknowledged it to be, then in law it was the voluntary act and deed of his principal.").

Lassman argues against this seemingly commonsensical conclusion on the ground that the certificate of acknowledgment in this case does not, in a key respect, mirror a form certificate of acknowledgement that is set forth in an appendix to chapter 183,

- 12 -

which, again, is the chapter in which section 29 appears. That appendix contains form certificates of acknowledgement for various situations, including the one that is relevant here. In particular, the form that appears in the appendix as "14," has the italicized title, "Acknowledgement of Individual Acting by Attorney." And the text that follows then states: "On this _____ day of _____ 19__, before me personally appeared A B, to me known to be the person who executed the foregoing instrument in behalf of C D, and acknowledged that he executed the same as the free act and deed of said C D." Mass. Gen. Laws ch. 183 App., Form (14).

Lassman seizes on the fact that this form certificate of acknowledgment expressly states that "A B" in executing the instrument in behalf of "C D" was doing so "as the free act and deed of said C D." He contends that, in this way, the form signals the intention of the legislature to ensure that a certificate of acknowledgment for an instrument, such as a mortgage, expressly states that an attorney in fact who acknowledges that instrument executed it as the free act and deed of the grantor of the instrument. And, Lassman contends, because the certificate of acknowledgement in this case expressly states only that the execution of the mortgage was the free act and deed of Molloy, and not of the DeMores themselves, the certificate of acknowledgement

fails to make the representation that, in light of what McOuatt requires of an acknowledgement, is the critical one.

But we do not agree. It is true that the certificate of acknowledgment in this case does not use the very same words as does the form that is set forth in the appendix to chapter 183. Nonetheless, the certificate of acknowledgement in this case still does all that it must do. This certificate of acknowledgement expressly states that the one who appeared in order to acknowledge the mortgage, Molloy, did so as the DeMores' attorney and that he did so pursuant to power of attorney forms "recorded herewith." Those recorded power of attorney forms in turn make perfectly clear that the DeMores voluntarily granted the power to execute the mortgage to Molloy. And, indeed, the DeMores acknowledged those power of attorney forms as their free act and deed.

Thus, when the certificate of acknowledgement of the mortgage states that Molloy voluntarily executed the mortgage as attorney in fact under the power of attorney forms "recorded herewith," the certificate of acknowledgement leaves no doubt that Molloy is acknowledging that he had executed the mortgage -- to quote the form certificate of acknowledgment in the appendix to chapter 183 -- "as the free act and deed" of the DeMores. And no more is required under section 29, given the standard for making an acknowledgement laid out in McOuatt. See id. at 810 (explaining that, to qualify as an acknowledgement, "[n]o particular words are

necessary as long as they amount to an admission that [the grantor] has voluntarily and freely executed the instrument").

Nor is there any reason to conclude that Molloy's representation in the certificate of acknowledgment that is at issue here fails to comply with section 29 simply because that representation is formally distinct from the functionally equivalent representation set forth in the form certificate of acknowledgment in chapter 183's appendix. Chapter 183, section 42 states quite clearly that "[t]he forms set forth in the appendix to this chapter for taking acknowledgments . . . may be used; but this shall not prevent the use of any other forms heretofore lawfully used." And the SJC has also confirmed that "[t]he acknowledgment required for proper recording of a mortgage . . . need not take any one specific form." Casey, 52 N.E.3d at 1036.

Lassman also argues that the District Court's ruling is in error on the basis of another model certificate of acknowledgment -- this one published by the Land Court, which maintains the certificate of title for registered land like the parcel that is at issue here. The Land Court model form reads: "Then personally appeared the aforementioned John Doe and acknowledged the foregoing instrument to be the free act and deed of Mary Doe." Commonwealth of Mass. Land Court Guidelines on Registered Land ("Land Court Guidelines"), Feb. 27, 2009, at 39,

http://www.mass.gov/courts/docs/courts-and-judges/courts/land-court/guidelines-registered-land.pdf.

But, like the form certificate of acknowledgement in the appendix to chapter 183, the Land Court's form is also of no help to Lassman's argument, even assuming that the requirement of section 29 applies to registered land, as we must for the Land Court form to be of any help to Lassman.[5]  For the reasons we have already given, the certificate of acknowledgment in this case -- by expressly referencing the power of attorney forms "recorded herewith" -- makes clear that Molloy, in signing the mortgage, was undertaking the free act and deed of the DeMores.  Thus, the fact that the certificate of acknowledgment in this case does not use the precise words used in the Land Court form is not significant.

To the extent one might have any doubt on that score, moreover, the Land Court Guidelines containing the model Land Court form expressly state that "[t]he forms of certificates of acknowledgment . . . set forth in Executive Order Revised No. 455 . . . are acceptable for registration by the court's registration districts."  Land Court Guidelines at 2.  And that executive form in turn reads:

---

[5] The Land Court Guidelines appear to contemplate that the requirement of section 29 does apply to registered land, because they state that deeds, among other documents "must be acknowledged in order to be recorded."  Land Court Guidelines at 1 (citing Mass. Gen. Laws ch. 183, § 29).

On this ____ day of _____, 20__, before me, the undersigned notary public, personally appeared _____ (name of document signer), proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

(as partner for _____, a partnership)

(as _____ for _____, a corporation)

(as attorney in fact for _____, the principal)

(as _____ for _____, (a) (the) _____)

_____ (official signature and seal of notary)

Revised Executive Order No. 455 (04-04) (2004), at 6, http://www.mass.gov/courts/docs/lawlib/eo400-499/eo455rev.pdf.

In other words, the Land Court Guidelines expressly bless a form certificate of acknowledgement that is not unlike the one that is at issue here. The executive form, like the one in this case, references the power of attorney relationship between the one who appears before the notary to acknowledge the instrument and the grantor of the instrument. And, the executive form, like the one in this case, does not also expressly state that the person who appeared as attorney in fact for the grantor in "voluntarily" signing the mortgage did so as the free act and deed of the grantor.

- 17 -

We thus do not see how the Land Court form -- given that the Land Court's own guidelines expressly approve the executive form -- calls into question the certificate of acknowledgement that is at issue in this case.[6]

**III.**

The order of the District Court is **affirmed**.

---

[6] We note that in In re Kelley, 498 B.R. 392 (B.A.P. 1st Cir. 2013), on which Lassman relies, the certificate of acknowledgment for the mortgage there at issue stated in relevant part that "before me . . . personally appeared [Grantors] by Shannon Obringer as Attorney in Fact . . . and acknowledged to me that he/she/they signed it voluntarily for its stated purpose." Id. at 394. The Bankruptcy Appellate Panel concluded that, despite the language stating that the grantor of the mortgage appeared "by" Obringer, id., Obringer "[n]ever said anything to the one who made out the certificate of acknowledgment to indicate that the Mortgage was the voluntary act of the [grantors]." Id. at 401. In so holding, the Bankruptcy Appellate Panel in In re Kelley made no reference to the terms of the power of attorney that would have enabled Obringer to execute and acknowledge the mortgage on behalf of the grantors. Thus, even if we were to assume that In re Kelley is right on its particular facts, our case is distinguishable because the certificate of acknowledgment at issue here expressly specified that the one who appeared before the notary to acknowledge the mortgage was acting "under Power of Attorney recorded herewith," and the recorded power of attorney forms that are referenced expressly and voluntarily authorize that attorney -- Molloy -- to execute and acknowledge the mortgage on behalf of the DeMores. Thus, we do not see how one could say that, on the basis of the certificate of acknowledgement here, the one who acknowledged the mortgage "[n]ever said anything to the one who made out the certificate of acknowledgment to indicate that the Mortgage was the voluntary act of the [grantors]." Id.