**In re David P. HOULT, Debtor.**

**Jennifer Hoult, Plaintiff,**

v.

**David Hoult, Defendant.**

**Bankruptcy No. 97–16663–8P7.
Adversary No. 97–1059.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 26, 1999.

W. Keith Fendricks, Tampa, Florida, James F. Wallack, Boston, Massachusetts, for plaintiff.

Camille Iurillo, Tampa, Florida, Edward Collins, Boston, Massachusetts, for defendant.

### ORDER ON PLAINTIFF'S MOTION TO PRECLUDE DEBTOR FROM OFFERING EVIDENCE OF INTENT AT TRIAL

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is Jennifer Hoult's (Plaintiff) Motion to Preclude Debtor from Offering Evidence of Intent [to harm] at Trial. The Court reviewed the Motion and the record, heard argument of counsel and finds as follows:

In 1988, the Plaintiff, who is the Debtor's daughter, filed a five-count complaint against the Debtor in the United States District Court for the District of Massachusetts (District Court) styled, *Jennifer Hoult v. David Hoult,* Civil Action No. 88–1738–MA (Sexual Abuse Action). In the Sexual Abuse Action, the Plaintiff alleged that the Debtor sexually abused her when she was a child and asserted causes of action for assault and a battery in Count I; reckless and intentional infliction of emotional distress in Count II; negligence in Count III; negligent infliction of emotional distress in Count IV; and breach of fiduciary duty in Count V.

A jury trial was held, at which time the Plaintiff presented evidence and jury instructions were given by the court, limited to the claims presented in Counts I, II and V. The jury returned a general verdict in favor of the Plaintiff in the amount of $500,000.00, which states,

We the jury, duly empaneled and sworn to try the above titled case, find in favor

of the plaintiff, Jennifer Hoult, and against the defendant, David Parks Hoult, and assess as damages an amount of money which will fairly and adequately compensate the plaintiff for any and all injuries suffered as a result of the conduct of the defendant.

See Complaint, Exhibit B, Transcript of Jury Trial in Sexual Abuse Action, July 1, 1993, p. 9–3 (Adv. Pro Doc.No.1). The District Court entered Judgment against the Debtor on July 14, 1993.

The Debtor moved for a new trial, later appealed the Judgment and also appealed the order denying the motion for a new trial. On July 14, 1994, the Debtor filed with the District Court a Motion to Vacate the Judgment, arguing that the District Court should have precluded the testimony of the Plaintiff's expert related to the phenomenon of repression and the recovery of repressed memory in victims of childhood sexual abuse. The District Court denied the Debtor's Motion to Vacate. The Debtor appealed the denial of his Motion to Vacate to the United States Court of Appeals for the First Circuit, which affirmed the District Court's denial of the Motion to Vacate.

In 1996, the Debtor sued the Plaintiff in the District Court (Libel Action), asserting claims for libel and seeking money damages, alleging that the Plaintiff libeled him in three letters in which the Plaintiff wrote that during her childhood she was sexually abused by the Debtor. On February 14, 1997, the District Court granted in part and denied in part the Plaintiff's Motion to Dismiss the Complaint. The Debtor appealed the Order of Dismissal to the First Circuit. On October 9, 1998, the First Circuit affirmed the Judgment of the District Court. The Debtor filed a motion for rehearing which was also denied.

The Debtor filed his Petition for relief under Chapter 7 of the Bankruptcy Code on October 8, 1997. On December 23, 1997, the Plaintiff commenced the instant adversary proceeding. In her Complaint, the Plaintiff seeks a determination of non-dischargeability of the debt represented by the Final Judgment entered by the District Court in the Sexual Abuse Action, pursuant to Sections 523(a)(4) and 523(a)(6) of the Bankruptcy Code.

In the instant Motion before this Court, the Plaintiff seeks a ruling in limine to preclude the Debtor from offering any evidence at trial on the issue of whether he intended to harm the Plaintiff when he sexually abused her throughout the course of her childhood. In support of her Motion, Ms. Hoult contends that the doctrine of judicial estoppel precludes the Debtor from putting on evidence that he did not intend to harm his daughter by his conduct. She contends that since throughout the pendency of the Sexual Abuse Action, the Debtor denied, and still denies, having raped his daughter, he should not be allowed to present evidence of intent with respect to the very act which he has denied ever having committed.

On the other hand, the Debtor contends that he does not intend to contradict his prior testimony. Rather, he intends to (a) testify that he never intended to harm the Plaintiff during his parent/child relationship in general; and (b) present expert testimony that a father who engages in sexual acts with a daughter, although a dysfunctional act, is not an act done with the intent to harm the daughter.

The doctrine of judicial estoppel is "directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings." *Chrysler Credit Corporation v. Rebhan*, 842 F.2d 1257 (11th Cir.1988). Since the Debtor is representing that his testimony will continue to be that he did not rape or sexually abuse his daughter, the Debtor's testimony will not be inconsistent with his testimony in either the Sexual Abuse Action or the Libel Action. Therefore, the doctrine of judicial estoppel is inapplicable. Nonetheless, since the Debtor consistently denied having sexually

abused his daughter, any testimony presented by him regarding intent is irrelevant. This is so because the Debtor's testimony regarding his motive behind conduct which he consistently has denied committing is a non sequitur. Thus, for this reason, the Plaintiff's Motion to Preclude Testimony should be granted and the adversary proceeding shall proceed to trial.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Plaintiff, Jennifer Hoult's Motion to Preclude Debtor from Offering Evidence of Intent at Trial be, and the same is hereby granted. At the final evidentiary hearing, the Debtor shall be precluded from testifying regarding his intent to injure the Plaintiff. In addition, the Debtor shall be precluded from putting on any expert testimony concerning his intent to injure the Plaintiff. A separate order scheduling a final evidentiary hearing will be entered by this Court.