**In re James LEE, Debtor.**

**No. 99–9694–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Jan. 14, 2000.

Richard J. Hollander, Naples, FL, for debtor.

William Seach and Crossroads Real Estate, Inc., Thomas S. Heidkamp, Fort Myers, FL, creditors.

Anthony S. DiVincenzo, Philip L. Burnett, Fort Myers, FL, creditor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a hotly contested involuntary Chapter 7 case commenced originally by a Petition for Relief pursuant to § 303 of the Bankruptcy Code by Crossroads Real Estate, Inc., (Crossroads) against James Lee (Lee). In the original Petition, Crossroads alleged that Lee has less than 12 creditors and he is generally not paying his debts as they become due. In due course, Lee filed a response to the Petition alleging that he had in excess of 12 creditors and that he has sufficient sums to make his payments as they become due. On August 12, 1999, William Seach (Seach) joined Crossroads as a Petitioning Creditor and on August 13, 1999, Anthony DiVincenzo filed a joinder as a Petitioning Creditor; however he withdrew his joinder on the eve of the final evidentiary hearing.

On September 11, 1999, Lee filed a list of creditors in which he named 31 entities to whom he claims to be indebted. It is apparent from the foregoing that the pleadings in the record present a threshold question of whether or not there are fewer than 12 entities who hold claims against Lee that are not contingent as to liability

or subject to a bonafide dispute. This is so because if, in fact, Lee has more than 12 creditors who hold a claim against him, it is evident that this involuntary case cannot be maintained for lack of sufficient number of Petitioning Creditors whose claims aggregate at least $10,775.

It is clear and without dispute that Lee has, in fact, nine creditors but it is the contention of Crossroads and Seach, holders of a final judgment against Lee in the amount of $800,000, that the other creditors listed by Lee are either insiders or they do not hold a valid enforceable claim against Lee.

The record reveals that the vast majority of creditors listed by Lee on his amendment to Schedule F are persons and individuals who initially invested and agreed to purchase stock in a corporation known as Lee County Development, L.C., a Florida limited liability company and several other entities in which Lee was the sole stockholder. It appears, however, that Lee also agreed to repurchase the stocks and pay for the stocks and executed promissory notes to reflect the indebtedness in the event he is unable to repurchase the stocks or if the stocks became worthless, which is in fact what occurred and, of course, were not paid for by Lee. (Lee's Exhibit No. 1). This Court is satisfied that Lee is personally liable to the entities named in the promissory notes in excess of $1 million.

■ Considering the Petitioning Creditors' contention first that these entities were insiders, therefore, it is not appropriate to include them as creditors in determining the number of eligible Petitioning Creditors, one must consider first the insider status, vel non, of these entities. § 101(31) of the Code defines the term "insider" as follows:

(A) If the debtor is an individual—

    (i) relative of the debtor or of a general partner of the debtor

    (ii) partnership in which the debtor is a general partner;

    (iii) general partner of the debtor; or

    (iv) corporation of which the debtor is a director, officer or person in control.

It is well established that the term "insider" as defined by the Code is not a limited term and it is an open-end definition which is not susceptible to precise definition. Courts generally consider two primary factors to be determinative: (1) closeness of the relationship between the transferee; and (2) whether or not the transaction was an arm's length transaction. *In re Emerson*, 235 B.R. 702 (Bankr.N.H.1999); *Matter of Kucharek*, 79 B.R. 393, 395 (Bankr. E.D.Wis.1987); *see also* H.R.Rep. No. 595, 95th Cong. 1st Sess. 312 (1977), U.S.Code Cong. & Admin.News, pp. 5787, 6269 (1978).

Applying the foregoing to the facts as established at the final evidentiary hearing, this Court is satisfied that with the exception of Dan Mihaly listed as a creditor holding a claim of $50,000, all other entities appearing on the schedules are not insiders within the meaning of that term. While it is true that Tom J. Agres, Richard S. Kuntz and Timothy Collins were stockholders and also appear to be members of the board of directors of Lee County Development, this alone would not make them "insiders" of Lee. Even disregarding the entities just named, this Court is satisfied that Lee is, in fact, indebted to more than 12 entities and unless he is estopped by the doctrine of judicial estoppel, this Court is satisfied that this involuntary case lacks sufficient number of eligible creditors to prosecute this involuntary case against Lee.

■ In support of this proposition urged by Crossroads and Seach, they point out the testimony of Lee given in the deposition taken in aid of execution of the judgment mentioned earlier to the effect that he did not remember any creditors in excess of 12. In support of this proposition the Petitioning Creditors cite the case of *In re Hoult*, 234 B.R. 175 (Bankr. .

M.D.Fla.1999) in which this Court held that the Debtor's testimony at an earlier trial judicially estopped him from offering contrary testimony at the later trial involving dischargeability of a debt. The doctrine of judicial estoppel is a recognized principle directed against those who attempt to manipulate the Court system through the calculated assertion of divergent, sworn positions in judicial proceedings. *Chrysler Credit Corporation v. Rebhan,* 842 F.2d 1257 (11th Cir.1988). This record woefully lacks persuasive evidence that the Debtor did, in fact, give contrary testimony at the March 17, 1999, deposition. The bulk of the deposition was directed to question Lee about his assets and disposition of assets and there is no place in the deposition in which he flatly and clearly stated that he has less than 12 creditors. A statement that he did not remember is insufficient to establish contrary evidence which would be sufficient to invoke the doctrine of judicial estoppel.

Having considered the record together with the evidence and testimony of Lee, this Court is satisfied that the Debtor does, in fact, have more than 12 creditors. Since there are only two Petitioning Creditors at this time, this involuntary case cannot be maintained and should be dismissed unless the Petitioning Creditors obtain an agreement by other creditors to join in to prosecute this involuntary case not later than 20 days from the entry of this Memorandum Opinion. In the event no joinder is filed, the Court will enter a final decree dismissing the involuntary case for lack of sufficient number of eligible Petitioning Creditors.