**In re Sarkis K. NAZARIAN, alleged Debtor.**

**Bankruptcy No. 80–10256.**

United States Bankruptcy Court, D. Maryland.

July 21, 1980.

L. Winter, Baltimore, Md., for debtor.

E. Gallagher, Potomac, Md., for petitioner.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ALLEGED DEBTOR'S ANSWER TO INVOLUNTARY PETITION

### FINDINGS OF FACT

GLENN J. GOLDBURN, Bankruptcy Judge.

Aetna Insurance Company filed a petition on March 18, 1980 alleging that Sarkis K. Nazarian is not paying his debts as they become due. In his answer Mr. Nazarian alleged and listed more than twelve holders of claims against him, and pursuant to Bankruptcy Code Sections 303(b)(1) and (c) the National Bank of Washington and the trustees of three union trust funds filed intervening creditors petitions. A hearing was held on the petitions and answer and Mr. Nazarian's deposition was offered and admitted into evidence. (Plaintiff's Exhibit 3).

The alleged debtor has challenged the joinder of the union trustees as creditors since their alleged claims against him are arguably corporate debts of an entity called NAZCO, Inc. in which he was a principal. NAZCO is presently an insolvent, nonoperating corporation. The claims are for welfare and benefit payments which NAZCO failed to make on behalf of its union employees. The nonpayment is the subject matter of a suit in the Circuit Court for Montgomery County, Maryland styled Peter J. Ellis, Alan J. Kaufman and Delbert F. Allen v. NAZCO, Inc. and Sarkis K. Nazarian. A similar suit was settled between the trustees and Mr. Nazarian.

Assuming that the trustees are eligible to join Aetna's petition as intervening creditors the next issue for the Court's determination is whether Nazarian is generally paying his debts as they become due. The facts supportive of Aetna's allegation that Nazarian is not so paying include that judgments have been entered against him by Aetna, the National Bank of Washington, the trustee of the Operating Engineers, the American Insurance Company and the Teamsters Local Union. Further, in his deposition, Nazarian stated that he is in arrears on his alimony and child support obligations and that certain liens for unpaid taxes have been filed against him. He also produced several bills for legal services for which he has not paid.

### CONCLUSIONS OF LAW

Before this Court can reach the issue of whether an Order for Relief should be entered in this case, it must determine that

at least three of the creditors petitioning for such an Order hold claims against the alleged debtor which are not contingent as to liability. Bankruptcy Code Section 303(b)(1). The petitions of Aetna and the National Bank of Washington have not been challenged, but those of the three trustees of the union benefits funds have been contested. Aetna, in support of those petitions, has argued that since Mr. Nazarian listed these trustees in his answer as having claims against him, he is now estopped from challenging their petitions. However, the context in which the alleged debtor named the trustees as claimants is distinguishable from that in which Aetna strives to utilize them. In his answer the alleged debtor was responding to the allegation that he has fewer than twelve creditors; he was neither admitting liability to these creditors nor affirming the noncontingency of their claims. The burden of proof on the validity of the intervening petitions should fall upon the petitioners themselves; they cannot, without more evidence, utilize the shield of the alleged debtor's answer as their sword.

█ The basic contention of Mr. Nazarian is that if the trustees are holders of claims, the claims are against the defunct corporation NAZCO rather than himself personally. To counter this argument, Aetna cites Md.Code Ann. Article 27 Section 138A (1976 Repl. Volume). That section imposes criminal liability on the officer of a corporation who intentionally fails to make payments to employee benefit funds such as the ones in this case. The Court is not persuaded that the criminal statute implies liability running from the officer of a corporation to the trustee of an employee benefit fund. The clear implication of the statute is that the protected class consists of the employees themselves rather than the trust fund.

█ There is no clear evidence in this case which would lead to the conclusion that the union trustees are holders of claims against Mr. Nazarian personally within the requirements of Section 303 of the Bankruptcy Code. The Court concludes that an Order for Relief cannot be entered at this time because there are only two petitioning creditors whereas three are required by the Code.

█ However, this conclusion does not preclude Aetna and the National Bank of Washington from seeking the relief they desire. Although the Court erroneously ruled from the bench that no further intervention by creditors could be allowed after the trial had commenced, further research has indicated that such intervention is timely until the Order for Relief is entered or the case is dismissed. Bankruptcy Code Section 303(c). The legislative history indicates that when a petitioning creditor is disqualified, another should be allowed to join the petition. House Report 95–595, 95th Cong., 1st Sess. at 322 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. *In re Trans-High Corporation*, 6 Bankr.Ct.Dec. 85, 3 B.R. 1 (Bkrtcy.S.D.N.Y.1980) held that under the Code timely intervention by creditors is a matter of right unless the involuntary petition was filed in bad faith, and there is no evidence indicating lack of good faith in the instant case. The Court's misplaced reliance on procedures developed under the Bankruptcy Act will not prejudice the rights of Aetna and the National Bank of Washington, since Sections 303(c) and 303(b) indicate that a creditor joining the petition at this time will have the same effect as if the creditor had joined in the original petition. Therefore, if another creditor who meets the statutory requirements joins Aetna and the National Bank of Washington, the case will be administered as if the new creditor had joined in the petition originally.

Although an Order for Relief cannot be entered in this case for want of the requisite number of petitioning creditors, the petitions of Aetna and the National Bank of Washington will not be dismissed at this time. However, if a third creditor does not join the petition within thirty days, the Court will dismiss the petition.