RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17b002p.06

# BANKRUPTCY APPELLATE PANEL
## OF THE SIXTH CIRCUIT
_____

In re: VINCENT ZENGA; ROBIN ZENGA,

                *Debtors.*             Nos. 16-8022/8023

Appeal from the United States Bankruptcy Court
for the Middle District of Tennessee at Nashville.
Nos. 16-01661, 16-01662, Keith M. Lundin, Judge.

Argued: November 9, 2016

Decided and Filed:  January 17, 2017

Before: HUMPHREY, OPPERMAN, and PRESTON, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

_____

**ARGUED:**  Steven L. Lefkovitz, LEFKOVITZ & LEFKOVITZ, Nashville, Tennessee, for Debtors.  Gene L. Humphreys, BASS, BERRY & SIMS PLC, Nashville, Tennessee, for Appellee.  **ON BRIEF:**  Steven L. Lefkovitz, LEFKOVITZ & LEFKOVITZ, Nashville, Tennessee, for Debtors.  Gene L. Humphreys, BASS, BERRY & SIMS PLC, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

GUY R. HUMPHREY, Bankruptcy Appellate Panel Judge.  Creditor Ivan Qi ("Qi") filed involuntary petitions against husband and wife, Vincent and Robin Zenga (the "Zengas").[1]  The Zengas filed a motion to dismiss the involuntary petition in each of their respective cases, arguing that 11 U.S.C. § 303(b)(1) required a minimum of three petitioning creditors to institute

---

[1]Because they were involuntary petitions, separate cases have been maintained.  However, to date all of the filings in each case appear identical in substance.  This opinion is being entered in each individual case.

an involuntary bankruptcy against them because they each had 12 or more creditors. At the hearing on the motions, Qi argued that the Zengas were estopped from asserting that they had more than 11 creditors because in response to a post-judgment interrogatory asking them to identify their other creditors, they listed ten creditors. The bankruptcy court agreed with Qi, denied the Zengas' motions to dismiss the petitions, and entered orders for relief against them. The Zengas obtained stays of the orders for relief pending disposition of these appeals. For the reasons that follow, the Panel REVERSES the bankruptcy court's decision and vacates the orders for relief and REMANDS the cases for further proceedings consistent with this opinion.

## ISSUES ON APPEAL

The Zengas raised the following issues on appeal:

1. Whether the bankruptcy court erred in granting orders for relief under Chapter 7 of the Bankruptcy Code against the Zengas?

2. Whether the bankruptcy court applied the doctrine of judicial estoppel or equitable estoppel in determining whether the number of petitioning creditors was correct under the statute? And whether the bankruptcy court erred in application of either of those doctrines?

3. Whether the requirement under 11 U.S.C. § 303(b) that when a person has 12 or more creditors there must be three petitioning creditors to commence an involuntary petition is jurisdictional in nature and, therefore, cannot be waived or modified on equitable grounds?

4. Whether a court may preclude a debtor from introducing evidence as to the 12 creditor threshold of 11 U.S.C. § 303(b) through an equitable doctrine, such as equitable estoppel, following the Supreme Court's decision in *Law v. Siegel*, ___ U.S. ___, 134 S. Ct. 1188 (2014)?

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Middle District of Tennessee has authorized appeals to the Panel, and a final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation omitted). An

order for relief in an involuntary case is a final order.  *Mktg. & Creative Sols., Inc. v. Scripps Howard Broadcasting Co. (In re Mktg. & Creative Sols., Inc.)*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006).  As this Bankruptcy Appellate Panel has previously noted:

> In granting the relief sought in an involuntary petition, the bankruptcy court must consider the factual as well as legal issues.  Findings of fact are reviewed under the clearly erroneous standard.  Fed. R. Bankr. P. 8013; Fed R. Civ. P. 52.  "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *United States v. Mathews (In re Mathews),* 209 B.R. 218, 219 (6th Cir. BAP 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)); *see United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S. Ct. 525, 92 L. Ed. 746 (1948).  Conclusions of law are reviewed de novo.  *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (6th Cir. BAP 1997); *Belfance v. Bushey (In re Bushey),* 210 B.R. 95, 98 (6th Cir. BAP 1997).  Furthermore, a bankruptcy court's interpretation of the Bankruptcy Code is reviewed de novo.  *In re Troutman Enters.*, 253 B.R. at 10.  De novo review means that the issue is decided as if it had not been heard before.  *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472 (6th Cir.1996).  No deference is given to the trial court's conclusions of law. *In re Eastown Auto Co.*, 215 B.R. 960 (citing *Razavi v. Comm'r*, 74 F.3d 125 (6th Cir.1996)).

*Id.*

The standard of review regarding the application of estoppel has been called into question recently by the Sixth Circuit Court of Appeals.

> In *Lewis v. Weyerhaeuser*, 141 Fed. App'x. 420, 423–24 (6th Cir. 2005), we questioned the continuing viability of our de novo standard for judicial estoppel, noting the Supreme Court's characterization of the doctrine as an equitable remedy "invoked by the court at its discretion," *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L.Ed.2d 968 (2001) (citation omitted), and recognizing that the "majority of federal courts" review for abuse of discretion.

*Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 313 n.1 (6th Cir. 2013).  Other circuits have held that the standard of review for equitable estoppel is abuse of discretion.  *See Radio Sys. Corp. v. Lalor*, 709 F.3d 1124, 1130 (Fed. Cir. 2013); *Bah. Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340 (11th Cir. 2012).  The Sixth Circuit B.A.P. has previously held that "[e]quitable estoppel involves mixed questions of law and fact." *Rossi v. Westenhoefer (In re Rossi)*, No. 11-

8048, 2012 WL 913732, at *2 (B.A.P. 6th Cir. Mar. 20, 2012) (citing *Noonan v. Sec'y of Health & Human Servs. (In re Ludlow Hosp. Soc'y, Inc.)*, 124 F.3d 22, 25 n.6 (1st Cir. 1997)). However, the result of each of the Zenga appeals is the same whether the bankruptcy court's application of estoppel is reviewed de novo, as a mixed question of law and fact, or for an abuse of discretion because, by definition, it is an abuse of discretion to apply an erroneous legal standard. The bankruptcy court's use of estoppel was erroneous because Qi failed to establish the elements of either judicial or equitable estoppel.

## FACTS

Qi obtained judgment against the Zengas for $2,500,000 in state court and filed separate involuntary chapter 7 bankruptcy petitions against each of them. The Zengas filed motions to dismiss the involuntary petitions, asserting that because they have 12 or more creditors, the involuntary petitions required at least three petitioning creditors. The Zengas also assert that the cases should be dismissed because the cases are not in the best interest of creditors.

The bankruptcy court held a hearing on the motions to dismiss at which Qi argued that the Zengas were estopped from presenting evidence that they had more than 11 creditors due to their responses to post-judgment sworn interrogatories which were previously served in the state court proceedings. The bankruptcy court agreed with Qi, denied the motions to dismiss, and entered orders for relief against them. The Zengas filed separate appeals.

## DISCUSSION

Bankruptcy Code § 303 provides for the filing of involuntary bankruptcy petitions, stating in part:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title --
>
> (1) by three or more entities …
>
> (2) if there are fewer than 12 such holders …, by one or more of such holders that hold in the aggregate at least $ 15,775 of such claims;….

11 U.S.C. § 303(b).

In this case, the involuntary petitions were filed by Qi alone after he relied on the answers to the post-judgment interrogatory responses provided by the Zengas which described ten creditors in addition to Qi—one creditor under the 12 creditor threshold requiring three or more petitioning creditors. In addition to the original responses to the interrogatories, prior to filing the bankruptcy petitions, Qi also requested the Zengas to supplement their responses. The Zengas failed to do so. Based upon these facts, the bankruptcy court determined that the Zengas were estopped from establishing in the bankruptcy court that they had more than 11 creditors. The Zengas contest that determination, asserting that: the numerical threshold of § 303(b)(1) is jurisdictional in nature and, therefore, cannot be overridden through use of an equitable doctrine; the Supreme Court's decision in *Law v. Siegel*, ___ U.S. ___, 134 S. Ct. 1188, 1194–95 (2014), precludes the use of equitable doctrines such as estoppel in the bankruptcy courts; the bankruptcy cases should be dismissed because they are not in the best interest of their creditors; and the bankruptcy court erroneously applied the doctrines of judicial and equitable estoppel.

## I.   The Number of Petitioning Creditors is Not Jurisdictional

The Zengas argue that the number of petitioning creditors required to file an involuntary petition is jurisdictional and, therefore, equitable doctrines such as estoppel may not be utilized to supplant the statutory requirement of three petitioning creditors. Courts that have examined this issue following the Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235 (2006), have determined that the threshold is not jurisdictional. The Panel agrees with the post-*Arbaugh* decisions which hold that the threshold requirement is not jurisdictional.

In *Arbaugh* the Supreme Court addressed the issue of whether the 15-employee threshold for imposition of Title VII employment protections and liability was jurisdictional. The Court framed the issue as whether the 15-employee threshold was a "determinant of subject-matter jurisdiction," as opposed to merely being an element of Arbaugh's claim. *Id.* at 513–14. In finding that it was not jurisdictional, the Court noted that Congress provided for the "basic statutory grants of federal-court subject-matter jurisdiction" under 28 U.S.C. §§ 1331 and 1332. *Id.* at 513. The Court also noted that while Congress could have expressly made the 15-employee threshold jurisdictional as it did with the amount-in-controversy limit of diversity-of-citizenship jurisdiction under § 1332, it did not. The Court then laid out a bright-line test for

determining if a numerosity requirement in a statute is jurisdictional: "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 516. On that basis, the Court held that the 15-employee threshold for imposing liability under Title VII was not jurisdictional and could be waived if not raised at the appropriate juncture of the case. *Id.*

Following *Arbaugh*, those courts which have addressed whether the numerosity threshold of § 303(b)(1) is jurisdictional have all uniformly concluded that it is not. Thus in *Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 166–67 (2d Cir. 2010), the Second Circuit noted that the other subdivisions of § 303 implicitly permit the bankruptcy court's exercising of jurisdiction over the case even if the creditor threshold has not been met; § 303 does not contain an explicit reference to the creditor threshold being jurisdictional; the statute does not instruct the bankruptcy court to sua sponte raise the issue; and the bankruptcy courts are governed by a separate jurisdictional statute, 28 U.S.C. § 1334. Similarly, the 7th, 9th, 10th and 11th Circuits have all expressed that the numerosity threshold of § 303(b)(1) is not jurisdictional. *Mitchell v. Weinman (In re Mitchell)*, 554 F. App'x 756, 760 (10th Cir. 2014); *Trusted Net Media Holdings, LLC v. The Morrison Agency, Inc. (In re Trusted Net Media Holdings, LLC)*, 550 F.3d 1035, 1046 (11th Cir. 2008); *Rubin v. Belo Broad. Corp. (In re Rubin)*, 769 F.2d 611, 614 n.3 (9th Cir. 1985); *Kelly v. Herrell*, 602 F. App'x 642, 646–47 (7th Cir. 2015) (issue addressed in dicta).

While the Sixth Circuit Court of Appeals has not determined whether the creditor threshold of § 303(b)(1) is jurisdictional, it has addressed a similar question in the context of the Consolidated Omnibus Reconciliation Act, or COBRA, 29 U.S.C.S. § 1161(b). In *Thomas v. Miller*, the Sixth Circuit held: "[i]n the wake of the Supreme Court's decision in *Arbaugh*," that "the doctrine of equitable estoppel can, in appropriate cases, bar an employer, concededly not meeting COBRA's numerical application threshold, from defending an action under that statute on that basis." 489 F.3d 293, 297 (6th Cir. 2007). It seems likely that the same principles would be applicable to § 303. In fact, *Thomas* contains language that can be read as indicating that its holding is applicable in other contexts. "[W]e hold that, in appropriate cases, courts may exercise their equitable powers to estop defendants from arguing that they fall below a statute's numerical threshold." *Id.* at 302.

Accordingly, following the Supreme Court's decision in *Arbaugh*, the Sixth Circuit's decision in *Thomas v. Miller*, and the post-*Arbaugh* circuit decisions holding that the threshold is not jurisdictional, the Panel finds that the creditor threshold requirement of § 303(b)(1) is not jurisdictional.

## II.  The Motions to Dismiss Under 11 U.S.C. § 707 are not Properly Before this Panel

On appeal the Zengas also argue that the involuntary cases should be dismissed because they are not in the best interest of creditors.  However, they did not raise that issue in their motions to dismiss the involuntary petitions and the bankruptcy court did not address it. Appellate courts do not generally consider issues on appeal which were not raised in the trial court.  *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 614–15 (6th Cir. 2014); *Burley v. Gagacki*, 834 F.3d 606, 613 n.2 (6th Cir. 2016).  After the orders for relief were entered, creditor William T. Zenga filed motions to dismiss the cases under § 707 of the Code, and the parties agreed to a continuance of those motions while this appeal is pending.  Thus, creditor Zenga's motion to dismiss is not the subject of a final order and, therefore, this court does not have jurisdiction over that matter.[2]

## III.  Law v. Siegel is Not Applicable

The Zengas argued in their reply brief that the Court's decision in *Law v. Siegel* precluded the bankruptcy court's use of equitable estoppel to avoid the application of the three or more petitioning creditor requirement of § 303(b)(1). *Law v. Siegel*, ___ U.S. ___, 134 S. Ct. 1188 (2014). In *Law v. Siegel*, the Court held that a bankruptcy trustee could not use § 105(a) of the Code to surcharge a debtor's exemptions for costs that the trustee incurred in avoiding a lien

---

[2]It also seems doubtful that a non-petitioning creditor has standing to oppose an involuntary petition. Section 303(d) states: "[t]he debtor, or a general partner in a partnership debtor that did not join in the petition, may file an answer to a petition under this section."  Further, Federal Rule of Bankruptcy Procedure 1011(a) provides that "[t]he debtor named in an involuntary petition may contest the petition. In the case of a petition against a partnership under Rule 1004, a nonpetitioning general partner, or a person who is alleged to be a general partner but denies the allegation, may contest the petition."  Fed. R. Bankr. P. 1011(a). Conspicuously missing from the persons stated in the Bankruptcy Code and Rules as to whom may file an answer to an involuntary petition are non-petitioning creditors.  Courts have held that such creditors do not have such standing.  *See In re QDN, LLC*, 363 F. App'x. 873 (3d Cir. 2010); *Broadview Sav. Bank v. Royal Gate Assocs. Ltd. (In re Royal Gate Assocs., Ltd.)*, 81 B.R. 165 (Bankr. M.D. Ga. 1988); *In re Zoomaire, Inc.*, 47 BR 628 (Bankr. S.D. Ohio 1985); and *Dunlop Tire and Rubber Corp. v. Earl's Tire Serv., Inc. (In re Earl's Tire Serv., Inc.)*, 6 B.R. 1019 (D. Del. 1980) (superseded by rule on other grounds).

on the debtor's residential property which the debtor fraudulently imposed upon the property when the Bankruptcy Code exemption provisions and other provisions of the Code do not expressly authorize such a surcharge. In so holding, the Court stated:

> It is hornbook law that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere. . . . We have long held that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Bankruptcy Code. [citations omitted].

*Law v. Siegel*, 134 S. Ct. 1188, 1194–95 (2014). In *Redmond v. Jenkins (In re Alternate Fuels, Inc.*), 789 F.3d 1139, 1149 (10th Cir. 2015), the Tenth Circuit Court of Appeals succinctly summarized *Law v. Siegel*'s holding: "*Law* held simply that a court may not employ § 105(a) to override other explicit mandates in the Bankruptcy Code. Here, no explicit mandate of the Bankruptcy Code prohibits recharacterization [of putative debt to equity] under § 105(a)."

The Zengas cite *In re Colon*, No. 06-04675 (ESL), 2016 WL 4597279, at *4-5 (Bankr. D.P.R. Sept. 2, 2016), in which a bankruptcy court recently determined that it could not use principles of equity to overcome the 12 creditor threshold requirement. The bankruptcy court initially determined that there were "special circumstances" in the nature of "fraud, artifice, or scam" relating to fraudulent transfers made by the debtor which justified allowing an involuntary petition to proceed with two petitioning creditors, although the debtor had more than 12 creditors. *Id.* at *2. In reversing its prior decision, the court held that: "[a]fter *Law v. Siegel*, the equitable powers of the bankruptcy courts, to the extent they existed, have been diminished or restricted whenever exercising such equitable powers contravenes specific statutory provisions." *Id.* at *3. In this case, the bankruptcy court used equitable estoppel to prevent the Zengas from introducing evidence that they had more than 11 creditors.

In the present case, the Panel has already determined that the numerosity requirement found in § 303 is not jurisdictional. While § 303(b) requires three petitioning creditors when there are 12 known creditors, this requirement is not an absolute bar to the administration of a case filed with less petitioning creditors. *See, e.g., Adams v. Zarnel (Zarnel)*, 619 F.3d 156

(2d Cir. 2010). Absent the Supreme Court's or Sixth Circuit Court of Appeals' determination that *Law v. Siegel* prevails under these circumstances and not *Arbaugh v. Y & H Corp.* and *Thomas v. Miller* and their progeny, this Panel does not believe that *Siegel* can be extended to prevent use of equitable doctrines to overcome a numerical threshold requirement of a statute when that statutory provision is not jurisdictional. Therefore, the Panel will consider whether estoppel was properly applied under the facts of this case.

### IV. Qi has Conceded that Judicial Estoppel is not Applicable and the Bankruptcy Court Erred in Applying Equitable Estoppel

Due to the bankruptcy court reference to both judicial estoppel and equitable estoppel in its oral decision, the parties do not agree and the record is not clear as to which type of estoppel the bankruptcy court applied.[3] The Zengas assert that the bankruptcy court incorrectly applied the doctrine of judicial estoppel while Qi asserts that the bankruptcy court correctly applied equitable estoppel.

Qi admits that judicial estoppel is not applicable given that no court previously made a decision in reliance on the Zengas' prior false oaths. "[J]udicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *White*, 617 F.3d at 476 (citing *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002)). *See also Henry v. Abbott Labs.*, 651 F. App'x 494, 503 (6th Cir. 2016); *Haddad v. Randall S. Miller Assocs., PC*, 587 F. App'x 959, 965 (6th Cir. 2014). Qi is correct that the elements of judicial estoppel are not met. Since Qi has conceded that judicial estoppel is not applicable and was not applied by the bankruptcy court,[4] the Panel need only determine if the

---

[3]On pages 6 and 7 of the transcript of the hearing the bankruptcy court referred to judicial estoppel; on pages 8 and 25 of the transcript of the hearing the court referred to equitable estoppel; on pages 7 and 24 counsel for Qi referred to equitable estoppel; throughout the 6 pages of the transcript devoted to the court's oral decision, the court refers to the responses to the post-judgment interrogatories being "under oath" or "sworn" at least 7 times. (Tr. of Proceedings, May 31, 2016, ECF No. 10). The first element of judicial estoppel is usually described as "asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding." *White v. Wyndham Vacation Ownership, Inc*., 617 F.3d 472, 476 (6th Cir. 2010).

[4](Appellee's Br. at 3–4, ECF No. 20).

bankruptcy court correctly applied equitable estoppel to prevent the Zengas from establishing that they had more than 11 creditors.

The bankruptcy court held that "this is a textbook case where equitable estoppel prohibits the Zengas from now claiming that there are more than the 10 creditors . . . The elements of equitable estoppel are all here and there is no equitable balance to them that would inspire me to overlook the fact that the answers were given under oath." (Tr. at 25:16–26:2).

To establish equitable estoppel, a party must prove "(1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on the misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *Mich. Express, Inc. v. United States*, 374 F.3d 424, 427 (6th Cir. 2004) (citing *LaBonte v. United States*, 233 F.3d 1049, 1053 (7th Cir. 2000)). *See also Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 557 (6th Cir. 2009).

There appears to be no dispute that the first two elements of equitable estoppel were met. The Zengas made factual misrepresentations that they only had 10 creditors in addition to Qi. The Zengas' counsel stated during the hearing: "[a]dmittedly the interrogatory answers that were given were deficient." (Tr. at 4:21–4:22). Regarding the second element, Qi asserted that he reasonably relied upon the misrepresentation. "There's nothing else my client could have done to ascertain the number of creditors here, other than what they did." (Tr. at 8:3–8:4). The Zengas have not challenged the reliance element. In fact, the Zengas' briefs conceded that Qi "reasonably relied on inaccurate interrogatory answers in basing its decision to commence an involuntary bankruptcy proceeding." (Appellants' Br. at 6, ECF No. 19).

However, the bankruptcy court made no factual finding that Qi suffered a detriment due to his reliance on the Zengas' statements regarding the number of creditors. The detriment suffered by a party seeking to employ the doctrine of equitable estoppel must be "actual and substantial." *Deschamps v. Bridgestone Ams., Inc. Salaried Emps. Ret. Plan*, 840 F.3d 267, 276 (6th Cir. 2016); *Smiljanich v. Gen. Motors Corp*, 302 F. App'x 443, 450 (6th Cir. 2008). *See also Trustees of Michigan Laborers' Health Care Fund v. Gibbons*, 209 F.3d 587, 591 (6th Cir. 2000) (party must have suffered "substantial detriment"). Examples of detriment justifying

the invocation of equitable estoppel have included the "loss of opportunity to improve one's position" or loss of evidence. *Smiljanich*, 302 F. App'x. at 450.

At oral argument the Panel inquired what detriment Qi had suffered in reliance upon the Zengas' misrepresentations. Qi's attorney was unable to articulate any specific detriment, other than the loss of time. The court did not employ 11 U.S.C. § 303(c) and Federal Rule of Bankruptcy Procedure 1003(b) to address any reliance which Qi placed on the answers to the post-judgment interrogatories. Section 303(c) provides that:

> After the filing of a petition under this section but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent . . . may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section.

11 U.S.C. § 303(c). Rule 1003(b) implements that section, providing:

> If the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file with the answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. If it appears that there are 12 or more creditors as provided in § 303(b) of the Code, the court shall afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon.

Fed. R. Bankr. P. 1003. Faced with similar circumstances, other courts have granted petitioning creditors such as Qi leave to seek the joinder of additional petitioning creditors. *See In re Lee*, 247 B.R. 311, 314 (Bankr. M.D. Fla. 2000) (court refused to apply doctrine of judicial estoppel as to the number of creditors based on debtor's prior testimony and gave the petitioning creditors 20 days to obtain an additional petitioning creditor); *In re Nazarian*, 5 B.R. 279, 281 (Bankr. D. Md. 1980) (when only 2 qualifying creditors filed the petition, court refused to dismiss the case and granted the petitioning creditors 30 days to seek the joinder of a third petitioning creditor). *See also In re J. V. Knitting Servs., Inc.*, 4 B.R. 597 (Bankr. S.D. Fla. 1980) (court did not need to examine validity of original petitioning creditor's claim once three additional qualifying creditors joined the involuntary petition). Thus, if the bankruptcy court took evidence and found that the Zengas had more than 11 creditors, the court could have granted Qi leave to join additional petitioning creditors.

Accordingly, based upon the bankruptcy court's failure to find actual and substantial detriment to Qi and Qi's inability to point to any detriment other than loss of time, the Panel finds that the bankruptcy court erred as a matter of law in applying equitable estoppel to bar the Zengas from introducing evidence of the existence of more than 11 creditors.[5]

## CONCLUSION

For the reasons stated, the bankruptcy court's Orders for Relief are VACATED and the cases are REMANDED for further proceedings consistent with this opinion.

---

[5]*Law v. Siegel* further supports the conclusion that the use of equitable estoppel to preclude the Zengas from introducing evidence of the existence of more than 11 creditors was erroneous when § 303(c) and Bankruptcy Rule 1003(b) were available to minimize the detriment to Qi.