# United States Court of Appeals
## For the First Circuit

Nos. 17-1971, 17-1972

IN RE: EDGAR A. REYES-COLON,

Involuntary Debtor.

POPULAR AUTO, INC.;
BANCO POPULAR DE PUERTO RICO,

Appellees, Cross-Appellants,

v.

EDGAR A. REYES-COLON,

Appellant, Cross-Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Kayatta, Circuit Judges.

Michael J. Fencer, with whom Lynne F. Riley, David Koha, and Casner & Edwards, LLP were on brief, for appellant and cross-appellee.
Roberto Abesada-Agüet, with whom Sergio E. Criado, Correa-Acevedo & Abesada Law Offices, PSC, Eldia Díaz-Olmo, Díaz-Olmo Law Offices, Gerardo Pavía Cabanillas, and Pavía & Lazaro, PSC were on brief, for appellees and cross-appellants.

April 24, 2019

**KAYATTA**, **Circuit Judge**.    Edgar Reyes-Colon ("Reyes-Colon"), a licensed plastic surgeon specializing in facial cosmetic surgery, allegedly failed to repay certain debts.    In November 2006, one of his creditors, Banco Popular de Puerto Rico ("Banco Popular"), filed an involuntary bankruptcy petition that a second creditor, Popular Auto (collectively, "the Banks"), joined.    Under 11 U.S.C. § 303(b), fewer than three petitioning creditors cannot force a debtor into bankruptcy unless the debtor has fewer than twelve creditors in total.    So the parties embarked on what has now turned into twelve years of litigation concerning the number of Reyes-Colon's creditors and whether he might somehow be placed in bankruptcy involuntarily for "equitable" reasons. For the following reasons, we affirm the decision of the bankruptcy court to dismiss the petition for want of a third petitioner.

## I.

Reyes-Colon obtained a loan from Popular Auto and guaranteed an affiliate's loan from Banco Popular.  On November 22, 2006, after Reyes-Colon allegedly failed to pay his debts, Banco Popular filed an involuntary bankruptcy petition, forcing Reyes-Colon into bankruptcy proceedings.    Popular Auto joined the petition shortly thereafter.

In early 2007 the bankruptcy court dismissed the involuntary petition, concluding that Reyes-Colon had more than twelve eligible creditors at the time the involuntary petition was

- 3 -

filed and that, after a reasonable opportunity, Banco Popular had failed to join a third creditor to maintain the petition under section 303(b)(1). See In re Reyes-Colon, Nos. PR 07-053, 06-04675-GAC, 2008 WL 8664760, at *1 (B.A.P. 1st Cir. Nov. 21, 2008). A year and a half later, the bankruptcy appellate panel ("BAP") set aside the dismissal and remanded the case. Id. The panel determined that all creditors should have been given notice and the opportunity for a hearing before the bankruptcy court dismissed the case. Id. at *8.

Reyes-Colon did not appeal that panel ruling. Instead, the parties returned to the bankruptcy court for another three-plus years of proceedings. On March 2, 2011, Reyes-Colon moved for summary judgment, again seeking dismissal of the petition. The bankruptcy court partially granted the motion on May 23, 2012, holding that Reyes-Colon had fifteen qualified creditors at the time the involuntary petition was filed. In re Reyes-Colon, 474 B.R. 330, 383, 391 (Bankr. D.P.R. 2012). The court nevertheless allowed the parties to conduct discovery and present evidence on whether "special circumstances" existed to excuse compliance with section 303(b)(1)'s three-creditor requirement and whether Reyes-Colon had been paying his debts as they became due. Id. at 391.

The bankruptcy court eventually held evidentiary hearings in late 2015. On September 2, 2016, the bankruptcy court dismissed the involuntary petition, citing Law v. Siegel, 571 U.S.

- 4 -

415 (2014). In re Reyes-Colon, 558 B.R. 563, 568 (Bankr. D.P.R. 2016), rev'd, No. 16-2638 (GAG), 2017 WL 6365433 (D.P.R. Aug. 9, 2017). The court found that although Reyes-Colon schemed to defraud his creditors by misrepresenting his finances, id. at 565, the court did not have the equitable power to override the provisions of section 303(b)(1), id. at 568. The Banks appealed to the district court.

The district court reversed the dismissal order and remanded to the bankruptcy court. In re Reyes-Colon, 2017 WL 6365433, at *1. It found that the involuntary petition did not need three or more petitioning creditors because Reyes-Colon had fewer than twelve eligible creditors when the petition was filed. Id. The court also found that Reyes-Colon was generally not paying his debts as they became due, and required entry of an order of relief against Reyes-Colon on remand pursuant to section 303(h)(1). Id. This appeal and cross-appeal followed.

## II.

Section 303(b) of the Bankruptcy Code requires that an involuntary petition against a debtor have at least three petitioning creditors if, at the time the petition was filed, the debtor had twelve or more eligible creditors. 11 U.S.C. § 303(b)(1)-(2). Reyes-Colon argues that he had twelve or more creditors at the time the petition was filed, and that the

involuntary petition is therefore insufficient because there are only two petitioning creditors -- Banco Popular and Popular Auto.

In response, the Banks raise two types of arguments. First, they claim that Reyes-Colon has procedurally waived his right to put forward the arguments that might arguably support his position. Second, they argue on the merits that the bankruptcy court did indeed err in dismissing their petition.

**A.**

We begin with the several asserted threshold issues of waiver raised by the Banks. When the Banks appealed the bankruptcy court summary judgment rulings at issue to the district court, they argued, among other things, that the bankruptcy court erred in determining that Reyes-Colon had fifteen eligible creditors as of the date the involuntary bankruptcy petition was filed. In response, as appellee, Reyes-Colon argued only that the Banks had failed to preserve the creditor numerosity issue. The district court then ruled that Reyes-Colon had fewer than twelve eligible creditors as of the date of filing and that he was generally not paying his debts as they came due. In re Reyes-Colon, 2017 WL 6365433, at *1. In Reyes-Colon's opening brief in this court, he asserts that the bankruptcy court correctly determined that he had more than twelve eligible creditors when Banco Popular filed its petition and that the district court erred in ruling otherwise. He devotes very little argument to this effect. Rather, he quotes

- 6 -

the statute's text, argues briefly that the burden of proof rests on the petitioning creditors, purports to incorporate and refer us to the bankruptcy court's summary judgment order for further explanation, and then briefly argues that there was at least one other creditor overlooked by the bankruptcy court.

The Banks claim waiver by Reyes-Colon, twice over. First, they say that by failing to present an argument on the number of creditors to the district court, Reyes-Colon waived the ability to later defend the bankruptcy court ruling on that issue. Second, the Banks argue that by failing to develop more fully his argument in favor of the bankruptcy court ruling in his opening brief in this court, Reyes-Colon again waived his ability to contend on appeal that he had twelve or more creditors when the petition was filed.

These two contentions of waiver pose relatively tricky issues of appellate procedure on which there is no controlling precedent that has come to our attention. Title 28 U.S.C. § 158(a)-(b) provides for intermediate appeals either to the district court or to the BAP. See also Fed. R. Bankr. P. 8003-05. A party who loses that intermediate review may either accept the loss and return to the bankruptcy court, with the BAP or district court ruling controlling, see, e.g., In re Hermosilla, 450 B.R. 276, 287-88 (Bankr. D. Mass. 2011), or may appeal to this court, see 28 U.S.C. § 158(d)(1). In the event of an appeal to

this court, however, we do not review per se the BAP or district court ruling.  Rather, we "assess[] the bankruptcy court's decision directly," In re DeMore, 844 F.3d 292, 296 (1st Cir. 2016) (quoting In re Sheedy, 801 F.3d 12, 18 (1st Cir. 2015)), giving no deference to the intermediate appellate ruling, see In re IDC Clambakes, Inc., 852 F.3d 50, 59 (1st Cir. 2017).  In short, once a notice of appeal to this court has been filed, the operative ruling under review is the bankruptcy court ruling, with the BAP or district court ruling serving more or less like an amicus brief (albeit one that can be extremely helpful).  In re Old Cold LLC, 879 F.3d 376, 383 n.2 (1st Cir. 2018).

One resulting oddity is that when the BAP or district court disagrees with the bankruptcy court, the appellant in this court is the party supporting the ruling under review (the bankruptcy court ruling).  Generally, such a party nevertheless explains in its initial brief why the BAP or district court erred, treating the intermediate appellate opinion in effect as if it were the opening brief.  Here, though, the district court opinion said almost nothing on point (for a reason we will explain next). And Reyes-Colon claims to be happy with the bankruptcy court's opinion, with one small exception.  So, Reyes-Colon in his opening brief simply refers us to the bankruptcy court's summary judgment order to demonstrate, in his words, "that [the Banks] failed to

- 8 -

carry their burden of proof that, as of the petition date, Reyes-Colon had fewer than 12 eligible creditors."

This court has held that "[a]rguments incorporated into a brief solely by reference to district court filings are deemed waived." United States v. Burgos-Montes, 786 F.3d 92, 111 (1st Cir. 2015). But that rule comes from cases where the appellant has lost in the district court and is seeking to alter a judgment or order through appellate review. There is no controlling precedent that deems it a defalcation of any type for an appellant who defends a lower court ruling to rest on that ruling. If a party truly feels content to rely on the opinion of the bankruptcy court as if it were the party's brief, and given that the appellant in a case like this files his brief before the appellee files a brief criticizing the bankruptcy court decision, we see no reason to deem the defense of that decision to be waived because it is not restated at length in the opening brief.

This is not to say that waiver poses no risk to those who adopt such an approach. Any argument not in the bankruptcy court's opinion will, by definition, be absent from the opening brief and might be treated as waived. But see Buntin v. City of Bos., 813 F.3d 401, 404 (1st Cir. 2015) (observing that this court is not "wedded to the district court's reasoning," but may affirm "on any basis made evident by the record"). Nor is anything we say here intended to preclude a party in a case such as this from

- 9 -

seeking a procedural order changing the order of briefing. Indeed, perhaps a rule deeming the "appellant" to be the party asking us to reverse or vacate the bankruptcy court ruling might make sense. As matters now stand, though, we reject the Banks' arguments that Reyes-Colon has waived his defense of the bankruptcy court's ruling by failing to do more than incorporate it by reference in his brief to this court.

The second potential waiver poses a more difficult question: To what extent should we require the party who prevails in the bankruptcy court to shepherd on intermediate review by the district court (or the BAP) any arguments that the party will later want to raise before this court? Because we look through the ruling of the intermediate court and review the bankruptcy court ruling directly, see In re DeMore, 844 F.3d at 296, one might logically reason that either party need simply go through the motions of an intermediate appeal if that party believes that the case will end up in this court anyway. Permitting parties to treat the intermediate appeal in that manner, however, would be the equivalent of allowing the parties to forgo a stage of review generally mandated by 28 U.S.C. § 158.[1] Furthermore, it would deprive this court of the benefit of the intermediate court's considered assessment of the arguments raised on appeal. Here,

---

[1] In limited circumstances, bankruptcy decisions may be directly appealed to this court. See 28 U.S.C. § 158(d)(2)(A).

for example, Reyes-Colon's parsimonious brief focused on issue preservation may well have accounted for the district court's truncated discussion of the number of creditors. We therefore lack the benefit of any extended analysis of the creditor numerosity issue by the district court. That benefit can be substantial in bankruptcy cases, with the BAP in particular being well suited to notice collateral effects of potential rulings that might not be obvious to this court or to the parties. See In re Old Cold LLC, 879 F.3d at 383 n.2.

At least two circuits have held that the losing party in the bankruptcy court cannot raise on appeal to the circuit court arguments not presented to the district court on intermediate review. See In re Bradley, 501 F.3d 421, 433 (5th Cir. 2007); United States v. Olson, 4 F.3d 562, 567 (8th Cir. 1993). We are aware of no authority, however, addressing the failure of a party who prevails in the bankruptcy court to restate on intermediate review arguments adopted by the bankruptcy court in an opinion explaining its ruling. In that situation, waiver would serve little purpose because the district court (or the BAP) would obviously know what arguments the district court adopted as persuasive.

The closer question is what to do with an argument not contained in the bankruptcy court opinion and also not raised on intermediate appeal. One might say that because we can rely on

- 11 -

arguments not presented in the first instance below to sustain a judgment, see Buntin, 813 F.3d at 404, the presence of an intermediate level of review should not alter our ability to rely on such arguments here.  Alternatively, it would seem to serve all interests to encourage parties to present all arguments to the district court or the BAP to enhance the utility of the mandated intermediate level of review.  Ultimately, we need not resolve this unusual question of potential waiver because Reyes-Colon raises no such arguments.  Rather, as we will explain, we can affirm the judgment here by relying only on the arguments apparent from the opinion of the bankruptcy court.

**B.**

Having determined that Reyes-Colon has not waived his ability to maintain that the bankruptcy court correctly dismissed the petition for the reasons stated by that court, we turn now to the merits of the Banks' critique of the bankruptcy court's reasoning.  That critique consists of three arguments:  the bankruptcy court erred by not placing on Reyes-Colon the burden of proving that he had twelve or more eligible creditors; the bankruptcy court erred by not finding that the Banks presented evidence sufficient to show that Reyes-Colon did not have twelve or more eligible creditors; and that, in any event, the bankruptcy court erred by not employing equitable discretion to allow the petition.  We consider each argument in turn.

- 12 -

**1.**

The bankruptcy court found that fifteen of Reyes-Colon's creditors were eligible to be counted towards section 303(b)(1)'s creditor numerosity requirement.  In re Reyes-Colon, 474 B.R. at 383.[2]  The Banks claim that the bankruptcy court erred by effectively placing on the Banks the burden of proving that there were fewer than twelve creditors.

The Banks misapprehend how proof of creditor numerosity works in this instance.  As the BAP correctly stated in a prior intermediary appeal in this case:

> The burden of proof with respect to establishing that the Appellee had less than 12 creditors rested with the petitioning creditor.  Once the debtor answers that there are more than 12 creditors and files a list in compliance with Bankruptcy Rule 1003(b), the petitioning creditors bear the burden to put the debtor to the test.

In re Reyes-Colon, 2008 WL 8664760, at *4; see also Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp., 986 F.2d 709, 715 (4th Cir. 1993); In re Zapas, 530 B.R. 560, 567 (Bankr. E.D.N.Y. 2015).  In re Fox, No. 93 C 5773, 1994 WL 484596, at *1 (N.D. Ill. Sept. 2, 1994), is not to the contrary.  In Fox, the debtor's list of

---

[2] The fifteen eligible creditors were:  (1) Banco Popular; (2) Popular Auto; (3) R&G Financial Corporation; (4) MediCoop; (5) Eurobank; (6) Westernbank; (7) Bank of America; (8) Miami Dade County Tax Collector;  (9) COS Insurance;  (10) Puerto Rico Telephone; (11) Banco Santander; (12) Citibank; (13) Dorado Beach HOA; (14) Liberty Cable; and (15) Sun Com.  See In re Reyes-Colon, 474 B.R. at 390.

creditors was both unverified and not submitted as part of the debtor's motion for summary judgment.  Id. at *3.

The Banks next contend that Reyes-Colon failed to produce a list of creditors sufficient to place any burden of proof on the Banks.  Reyes-Colon in fact filed a list in compliance with Bankruptcy Rule 1003(b), listing fifty-eight creditors.  See Fed. R. Bankr. P. 1003(b) ("If the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file with the answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof.").  Later, Reyes-Colon conceded that he had only twenty-two creditors in addition to Banco Popular, as listed in his expert witness report attached to his summary judgment motion.  This action, the Banks argue, was a rejection of the original Rule 1003(b) list.  Therefore, they reason, the bankruptcy court could no longer rely on the Rule 1003(b) list to shift the burden of proving the number of eligible creditors onto the Banks.

The Banks mischaracterize Reyes-Colon's actions in submitting and relying on his expert report as "rejecting" his Rule 1003(b) list.  When asked which list of creditors Reyes-Colon intended to be operative at a status conference hearing in April 2011, Reyes-Colon stated that it was the list "in the expert witness report."  In this manner, the debtor simply pared down his

- 14 -

original list, hardly a cause for complaint by the petitioning creditors. That the expert report was not in the typical form one would expect a Rule 1003(b) list to take is no matter in this instance. First, Banco Popular itself stressed to the bankruptcy court that the relevant creditors list had become the smaller list found in the expert report, stating that it was willing to "waive the request of the sworn statement" by Reyes-Colon, as long as Reyes-Colon "accept[ed] that the list of creditors that is going to be used is the list submitted by the expert witness on his report." Second, the bankruptcy court noted that it would treat the list attached to Reyes-Colon's expert report as an amended list. Amended Rule 1003(b) lists are not prohibited and are not uncommon. See, e.g., In re Acis Capital Mgmt., 584 B.R. 115, 132 (Bankr. N.D. Tex. 2018); In re Bos, 561 B.R. 868, 873 (Bankr. N.D. Fla. 2016); In re DemirCo Grp. (N. Am.), L.L.C., 343 B.R. 898, 901-02 (Bankr. C.D. Ill. 2006). In short, Reyes-Colon complied with Rule 1003(b) by providing the initial and then amended list of creditors. So, the burden did indeed shift to the Banks to dispute the existence or eligibility of the creditors.

The Banks next argue that, by moving for summary judgment, Reyes-Colon assumed the burden of proof on the creditor numerosity issue. But Rule 56 does not alter which party bears the burden of proof on any issue. Rather, it controls what happens to a party that has the burden and fails to meet it sufficiently.

- 15 -

See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (emphasis added)); see also Delgado v. Aero Inv. Corp., 601 F. App'x 12, 15 (1st Cir. 2015); In re Rothery, 143 F.3d 546, 549 (9th Cir. 1998) (explaining that after a creditor has carried its burden of coming forward with evidence that the debtor had fewer than twelve creditors at the time the involuntary petition was filed, the debtor's "bare allegation" of more than twelve creditors is insufficient to defeat summary judgment).

For all of these reasons, the bankruptcy court properly placed the burden of proving creditor ineligibility onto the Banks. See In re Reyes-Colon, 474 B.R. at 363-64. Because the Banks failed to present evidence as to seven of the listed creditors, the bankruptcy court correctly determined that those seven creditors remained eligible for purposes of section 303(b)(1).

**2.**

The Banks next contend that they did come forward with evidence sufficient to carry their burden with respect to four of the remaining eight creditors found by the district court to be eligible creditors. One of those creditors is Miami Dade County Tax Collector. The Banks argue to us that Miami Dade County Tax

Collector is not an eligible creditor because it received a post-petition voidable transfer. See 11 U.S.C. § 303(b)(2) (excluding certain voidable transfers from consideration in determining creditor numerosity). But the Banks do not contest Reyes-Colon's contention that they failed to raise this challenge in the bankruptcy court. And our law is clear that this type of failure in a civil case precludes a party from advancing the argument to secure a reversal of the court in which the party did not raise the argument, absent "extraordinary circumstances." In re Net-Velázquez, 625 F.3d 34, 40 (1st Cir. 2010).

That leaves the Banks able only to claim that the district court erred in finding that Westernbank, Bank of America, and Citibank were eligible creditors. Even if the Banks were correct on all three, Reyes-Colon would still have had, at a minimum, twelve eligible creditors at the time the involuntary petition was filed, triggering the requirement that there be at least three petitioning creditors under section 303(b)(1).

**3.**

We turn, finally, to the Banks' argument that special circumstances warrant an equitable exception to the creditor numerosity requirements in this case because Reyes-Colon schemed to defraud his creditors. See In re Reyes-Colon, 558 B.R. at 565.

"Congress has given bankruptcy courts the authority to 'issue any order, process, or judgment that is necessary or

- 17 -

appropriate to carry out the provisions' of the Bankruptcy Code." In re Oak Knoll Assocs., L.P., 835 F.3d 24, 34 (1st Cir. 2016) (quoting 11 U.S.C. § 105(a)); see also Marrama v. Citizens Bank of Mass., 549 U.S. 365, 375-76 (2007) (noting that bankruptcy courts have the "inherent power . . . to sanction 'abusive litigation practices'" (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980))). This court has cautioned, however, that this expression of authority should not be construed as being "'a roving writ, much less a free hand' to provide equitable relief." In re Oak Knoll Assocs., L.P., 835 F.3d at 34 (quoting In re Jamo, 283 F.3d 392, 403 (1st Cir. 2002)).

In Siegel, 571 U.S. at 421, the Supreme Court held that bankruptcy courts "may not contravene specific statutory provisions" when they exercise their statutory and inherent powers. The bankruptcy court had "surcharge[d]" a debtor's homestead exemption to defray costs incurred by the bankruptcy trustee who uncovered the debtor's fraudulent misrepresentations. Id. at 420. The Supreme Court reversed, holding that the Bankruptcy Code's exemption section, 11 U.S.C. § 522, "does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate. Rather, the statute exhaustively specifies the criteria that will render property exempt." Id. at 423-24, 428. The Court acknowledged that its holding "may produce inequitable results for trustees and

- 18 -

creditors in other cases," but recognized that Congress, in creating the Bankruptcy Code, "balanced the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on creditors."  Id. at 426-27 (quoting Schwab v. Reilly, 560 U.S. 770, 791 (2010)).

Siegel may not restrict the bankruptcy court's discretion in all instances.  See, e.g., United States v. Colón-Ledée, 772 F.3d 21, 29 n.10 (1st Cir. 2014).  But it makes clear that the bankruptcy court cannot "override explicit mandates of other sections of the Bankruptcy Code."  Siegel, 571 U.S. at 421 (quoting 2 Collier on Bankruptcy ¶ 105.01[2], 105-06 (16th ed. 2013)); see also In re Tempnology, LLC, 879 F.3d 389, 401 (1st Cir. 2018) (citing Sunbeam Prod., Inc. v. Chi. Am. Mfg., LLC, 686 F.3d 372, 375 (7th Cir. 2012) ("What the Bankruptcy Code provides, a judge cannot override by declaring that enforcement would be 'inequitable.'")), cert. granted in part sub nom., Mission Prod. Holdings, Inc. v. Tempnology, LLC, 139 S. Ct. 397 (2018).  Here, the bankruptcy court would have plainly contravened section 303(b) if it bypassed the involuntary petition's creditor numerosity deficiency via the "special circumstances" doctrine.  Allowing the case to proceed with only two petitioning creditors would have flown in the face of the Code's directive that there be three petitioning creditors when a debtor has more than twelve creditors at the time the involuntary petition was filed.  11 U.S.C.

§ 303(b).  Siegel forecloses employing equity to waive this plain statutory requirement.

The Banks nonetheless point to In re Zenga, 562 B.R. 341 (B.A.P. 6th Cir. 2017), a decision by the Sixth Circuit BAP, to support their argument that the "special circumstances" doctrine can be utilized to overcome section 303 deficiencies post-Siegel. In Zenga, a creditor filed an involuntary petition against debtors. Id. at 345.  The debtors moved to dismiss, asserting that they had twelve or more creditors at the time of filing, and that the involuntary petition was deficient under section 303(b)(1)'s creditor numerosity requirement.  Id.  The bankruptcy court did not waive the statutory numerosity requirement.  Rather, it estopped the debtors from presenting evidence that they had more than eleven creditors based on their responses to post-judgment sworn interrogatories that were served in prior state court proceedings.  Id. at 345-46.

Had Reyes-Colon led the Banks or the bankruptcy court to believe that he only had eleven or fewer creditors, a court post-Siegal might well have found him estopped from now presenting argument to the contrary.  See Perry v. Blum, 629 F.3d 1, 8 (1st Cir. 2010) (explaining that judicial estoppel "prevent[s] a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phrase of the same case or in an earlier court

- 20 -

proceeding"). But the Banks make no such claim. Rather, they assert that he has conducted himself fraudulently to avoid paying his debts and claiming more creditors than he has. In such a case, estoppel has no role to play, and Siegal otherwise provides no basis for simply deeming the creditor numerosity requirement to be inapplicable. Dismissal of the involuntary petition was therefore proper.[3]

**III.**

For the foregoing reasons, the bankruptcy court's decision is affirmed.

---

[3] Because we affirm for the reasons stated in the bankruptcy court opinion, we need not address Reyes-Colon's alternative argument for dismissal (that the involuntary petition was filed in bad faith as an improper collection tool), nor do we need to inquire as to whether that argument was waived.